# Kellar *v.* Taylor.

*Trespass against Marshal for Levy under Attachment.*

1. *Exception construed against party excepting.*—When a witness testifies, on behalf of defendant, to a conversation had by him with plaintiff, as to a statement made by the latter to another person, which would be admissible as evidence against him ; if the exception to the exclusion of the evidence is so expressed, that it is doubtful whether the witness was attempting to repeat what plaintiff had said, or only giving his own opinion or inference from what was said, the latter construction will be adopted.

2. *General objection to evidence, partly admissible.*—When there is a general offer of testimony, a part of which is legal, and a part illegal, a general objection to its admission may be sustained, since the court is not bound to separate the good from the bad.

19

[Kellar v. Taylor.]

3. *Purchase of goods from insolvent debtor; validity as against creditors.*—When an insolvent debtor sells his entire stock of goods, partly for cash, and partly on credit, the purchaser not being a creditor, the validity of the transaction, as against creditors, depends on the inquiries, (1) whether the price paid was the reasonable value of the goods, and (2) whether the purchaser had notice, actual ·or constructive, of the debtor's embarrassed condition.

4. *Proof of fraud.*—To establish fraud on the part of a pur-·chaser from an insolvent debtor, the party asserting it must show facts and circumstances which not only cast a suspicion on the transaction, but which are not fairly and reasonably recon-·cilable with fair dealing and honesty of purpose.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by W. H. Taylor against A. H. Kellar and others, to recover damages for an alleged trespass by the defendants in entering a store-house and seizing a stock of goods, which the plaintiff had bought from Mc-Cary & Barr; and was commenced on the 15th March, 1886. Kellar was the United States marshal for the Northern District of Alabama, and D. R. Dunlap, one of the defendants, was his deputy, and levied two attachments on the store-house and goods as the property of said McCary & Barr; the other defendants being sureties on bonds of indemnity given to procure the levy of the attachments. The purchase of the property by the plaintiff was made on Saturday evening, January 30th, 1886, the agreed price being $2,750, partly for cash, and partly on credit; and plaintiff's evidence tended to show that this "was the fair and reasonable value of said property." The attachments were levied on the property on the 10th February, 1886. It was admitted that McCary & Barr were insolvent at the time they sold out to plaintiff; and defendant insisted that plaintiff was chargeable with notice, actual or constructive, of their condition.

The court gave the following (with other) charges to the jury, on request of the plaintiff: (1.) "If the jury believe from the evidence that Taylor, on or about January 30th, 1836, bought from McCary & Barr the store-house, lot and stock of goods in controversy, and paid them therefor a pair of mules, and a due-bill for $225, which he paid a few days thereafter, and executed to them and to others his notes aggregrating $2,250; and that the amount so paid, and the notes so given, were the reasonable value of the store-house, lot and goods; and that said Dunlap, as deputy-marshal, afterwards seized and took possession of said store-house and stock of goods, under the writs of attachment given in evidence; and that defendant was the United States marshal under whom said Dunlap was acting in making such seizure; then said defend-

[Kellar v. Taylor.]

ants are liable to plaintiff for the value of the goods so seized, and the value of the use of the store-house while they had it in possession, *unless* the defendants have satisfied them by the evidence, (1) that McCary & Barr, at the time the purchase was made, were insolvent, or in embarrassed circumstances, and (2) that Taylor, at that time, had notice, actual or constructive, that they were insolvent, or in embarrassed circumstances; and the burden of proving each of these facts is on the defendants, and plaintiff is entitled to recover unless they have proved both of them." (3.) "Before the jury can find that Taylor was guilty of fraud in the purchase from McCary & Barr, the defendants must show facts and circumstances which not only cast a suspicion on the transaction, but which are not fairly and reasonably reconcilable with fair dealing and honesty of purpose; and until this is done, the jury can not find that plaintiff was guilty of any fraud."

The defendants excepted to these charges, and here assign them as error, with other matters.

PETTUS & PETTUS, and KNOX & BOWIE, for appellants.

TOMPKINS & TROY, *contra.*

STONE, C. J.—The witness Buford, in testifying for defendants, was asked as to a conversation he had had with Taylor. He prefaced his answer by a statement of what he said McCary had said to him. McCary was one of the members of the firm of McCary & Barr, for whose debts the goods were attached and sold. McCary & Barr had sold their establishment, including store-house and goods, to Taylor, the plaintiff in this suit. The witness. testified that McCary, in a conversation with the witness, had said that he asked Taylor if his creditors could attach the notes given by the latter in the purchase of the goods, and that Taylor had told him they could. He added : "He told me, after having that conversation with Taylor, he went immediately to Columbiana (the county-seat), and made an assignment of the balance of his effects." The witness, testifying further, said, " I afterwards asked Taylor about it, and he corroborated the McCary statement in full. He had told McCary that his creditors could attach these notes." That part of the answer which is embraced in the last quotation marks was objected to by plaintiff, the objection sustained, the testimony excluded, and defendants excepted.

It is left somewhat in doubt what precise meaning the witness intended to convey by the words, " he had told McCary

[Kellar v. Taylor.]

that his creditors could attach these notes." If the words, *he said*, had preceded the clause last copied, there could be no controversy about the witness' meaning. It would be an affirmation of what Taylor had said to witness, and would have been, if offered alone, legal evidence. Expressed as it is, we are left in doubt whether the witness was attempting to repeat what Taylor had said to him, or only the opinion the witness Buford had formed, or the inference he had drawn from what Taylor said to him. Doubts, such as this, must be resolved against the party excepting. The Circuit Court did not err in excluding this testimony. It was but the conclusion, or opinion of the witness, as to the effect of what Taylor did say. The witness should have stated his best recollection of what Taylor said; no more. It was for the jury to determine to what extent, if any, it corroborated McCary's statement.

But the ruling may be vindicated on another principle. The offer was of Taylor's statement, or, rather, of the witness' inference from it, as a whole. It was objected to as a whole, and was excluded as a whole. The part of the sentence which asserts that Taylor "corroborated the McCary statement in full," was clearly inadmissible. When there is a general offer of testimony, a part of which is legal, and a part illegal, and there is a general objection to its admission, the court is not required to separate the good from the bad, but may reject the whole.—1 Brick. Dig. 886, § 1186 ; 3 *Ib.* 443, § 571.

Many assignments of error are found in the record, but counsel have argued only two of them. We will confine what we have to say further to those two assignments ; for we think there is nothing in the others. The argument is confined to charges 1 and 3, given at the instance of plaintiff, each presenting substantially the same question.

Cases of transfer of property in alleged fraud of creditors have been very often before this court. We have drawn a distinction between the cases in which existing indebtedness is the consideration of the sale, and the sale is claimed to be in payment thereof, and sales upon a new consideration, paid or promised. In *Dollins v. Pollock & Co.*, at the present term, 89 Ala. 351, we cited many authorities bearing on this question, several of which draw the distinction between the two classes of cases. We need not repeat it here.

In the present case, it is not claimed that McCary & Barr, the sellers, were indebted to Taylor, the purchaser. The sale was made on a new consideration, partly paid presently, but the bulk was on a credit. It is not contended that the purchase price was materially less than the value of the store-house and goods. The real issue in such a case as this is,

[Kellar v. Taylor.]

whether the sellers were insolvent, or in failing circumstances, and whether the purchaser, Taylor, had actual or constructive notice of their financial condition.—*Hodges v. Coleman,* 76 Ala. 103; *Tompkins v. Henderson,* 83 Ala. 391.

The appellants contend that, in charges 1 and 3, the Circuit Court confined the investigations of the jury to the two inquiries, insolvency *vel non* of McCary & Barr, and notice to Taylor of their condition; whereas the charge should have gone further, and submitted to them the inquiry of Taylor's good faith in making the purchase. This contention is based in part, if not mainly, on the statement in the bill of exceptions that " there was some evidence in the case which tended to show that the purchase of goods, store-house and lot, by Taylor from McCary & Barr, was *bona fide* on Taylor's part; and there was some evidence in the case tending to show that said purchase was *mala fide* on Taylor's part." This, it is contended, shows that there was evidence, not found in the record, which bore on the question of Taylor's good faith in making the purchase, or, at least, that such inference should be drawn.

The bill of exceptions states that one or more witnesses testified that Taylor had said he knew McCary & Barr were in failing circumstances, and that he gave, as reasons for his knowledge or opinion, the low price at which they were selling goods, and the high price they were paying for cotton. This testimony, if believed, tended strongly to prove that Taylor was guilty of bad faith in the purchase he made, and, without more, justified the said statement in the bill of exceptions. For a failing debtor to put his tangible property out of view, leaving his debts unpaid, is very bad faith. Taylor denied making such admission, and the verdict of the jury tends to show they believed him, and did not credit the opposing witness or witnesses.

But the bill of exceptions negatives the inference the appellants seek to draw from the recital copied above. It states, " There was other evidence introduced on the trial of the case, but the foregoing is substantially all the evidence tended to show that is material to a proper understanding of the materiality of the exceptions reserved by the defendants." The bill of exceptions further states, that " Counsel both for plaintiff and defendants, in argument, insisted before the jury that the principal question for the jury to determine from the evidence, in ascertaining whether the plaintiff was entitled to recover, was, whether at the time Taylor purchased the goods, store-house and lot, he had knowledge or notice of McCary & Barr's insolvency, or had information of some fact or circumstance which should have caused Taylor to make inquiry as to

[Prewitt v. Ashford.]

whether they were solvent or insolvent—whether Taylor had at the time of the trade either actual or constructive notice of McCary & Barr's insolvency or embarrassed condition; defendants' counsel insisting in argument that the jury were authorized, by a preponderance of the evidence, to find that Taylor at the time of the trade had such notice, either actual or constructive; and plaintiff's counsel insisting that the evidence failed to show that Taylor had such notice or information, actual or constructive." The bill of exceptions informs us that the fact of McCary & Barr's insolvency was not controverted.

Charges 1 and 3 are a very accurate statement of the law governing the transaction shown by this record.—*Florence Sewing Machine Co. v. Zeigler*, 58 Ala. 221; *Crommelin v. McCauley*, 67 Ala. 54?; *Lehman v. Kelly*, 68 Ala. 192; *Shealy v. Edwards*, 75 Ala. 411; 78 Ala. 176; 2 Brick. Dig. 18, § 71. If there was a phase of the case supposed not to be covered by the general principle (the record does not inform us there was such), it should have been the subject of a special explanatory, or qualifying charge, asked by defendants.

There is no error in the record, and the judgment must be affirmed.