# Ziegler *v.* Carter Bros. & Co.

*Bill in Equity by Purchaser from Insolvent Debtor, for Injunctions against Judgment and Execution Creditors.*

1. *Sale and conveyance by insolvent debtor to creditor; validity as against other creditors.*—A *bona fide* creditor of a failing or insolvent debtor may take a conveyance of property, at its reasonable value, in payment and satisfaction of his debt, provided no benefit is reserved or secured to the debtor beyond what the law gives him; but the transaction involved in this case, giving due weight to the "very peculiar and unusual circumstances attending it," is held fraudulent and void as against other creditors, the main facts being these: (1) the creditor's debt, amounting to about $650, was for money loaned, $200 of which she had saved by industry and economy, and $400 she had just borrowed from a friend at legal interest; (2) the property conveyed, consisting of two town lots and two small tracts of land, was valued at $700, though the court finds its reasonable value to be $950; (3) the debt was satisfied, and $50 in money was paid to the debtor; (4) soon afterwards the creditor sold the smaller tract of land to a third person, for $150, and leased one of the town lots to the debtor's wife, for the term of ten years, at an annual rent of $30, with the privilege on the part of the lessee of erecting any kind of improvements or structures; (5) a livery-stable was then erected on the leased premises, at a cost of $400 or $500, and the business was carried on by the debtor, in the name of his wife; (6) afterwards, the other lot was sold to the debtor's wife, for $650; (7) the debtor was not examined as a witness, and there was no proof that his wife had any separate means with which to make purchases or investments; (8) the parties were not related to each other.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 4th November, 1887, by Mrs. Margaretta Ziegler, against Carter Brothers & Co. and other mercantile partnerships, judgment creditors of Christopher Scheuing, and sought to enjoin the sale, under execution, issued on the judgments in favor of the several defendants, of certain property, consisting of two town lots in Cullman and two small tracts of land in the country, which the complainant claimed to have bought from said Scheuing, in good faith, and for valuable consideration, before the levy of the defendants' several attachments, by which their suits were commenced. The defendants assailed the validity of the complainant's purchase, on the ground that it was fraudulent as against them

and the other creditors of Scheuing. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

W. G. BROWN, and GEO. H. PARKER, for appellant.

W. F. D. COFER, *contra.*

STONE, C. J.—That Scheuing's failure in business was fraudulent—glaringly fraudulent—is very clearly manifest in the record before us. Mrs. Ziegler's contention is, that she was a creditor of Scheuing in the sum of about six hundred and fifty dollars; that, in payment, she received from him real property valued at seven hundred dollars, paying the difference, fifty dollars, in money; and that seven hundred dollars was the reasonably fair market value of the property at the time she received it. The next day after this transaction with Mrs. Ziegler, Scheuing, by one sale in gross, sold all his remaining property, except what was exempt from execution under our statutes. The property thus sold consisted mainly of a stock of merchandise then recently purchased, and which the testimony tends to show was sold at a great sacrifice. There is, however, no attempt to prove that Mrs. Ziegler, when she made her purchase, had any notice of Scheuing's intention to sell his merchandise and retire from business. So, the transaction must stand or fall by the testimony relating to it, without reference to the sale of the merchandise. The chancellor pronounced her purchase fraudulent, and from that decree she appeals to this court.

The principles of law applicable to this case have been so often declared, that a mere statement of them is all that is necessary. It is every man's duty to pay his debts as far as he is able, and any attempt to hide or secrete his property for his own benefit is fraudulent; and every one having knowledge, actual or constructive, of such intent, who aids him in his attempted fraud by purchasing his property, even at its full value and for money, is a participant in the fraud, and acquires no title against the claim of creditors of the seller. 3 Brick. Dig. 515, § 119; *Crawford v. Kirksey,* 55 Ala. 282; *Kellar v. Taylor,* 90 Ala. 289; *Gibson v. Trowbridge Furniture Co.,* 9 So. Rep. 370; s. c., 93 Ala. 579.

There is an exception to the rule. A creditor, having a just and legal demand against the failing debtor, may save himself, without incurring the law's displeasure. This he may do by receiving money, or property at its reasonably fair value, in

payment of his claim; and even though he may know his debtor is failing, and that the effect of the collection or purchase will be to leave him without means to pay his other debts, unless some benefit beyond what the law provides is secured to the debtor by the arrangement, the transaction will stand.—3 Brick. Dig. 517, § 137; *Hodges v. Coleman*, 76 Ala. 103; *Gordon v. McIlwaine*, 82 Ala. 247; *Tompkins v. Henderson*, 83 Ala. 391; *Dollins v. Pollock*, 89 Ala. 351.

There was a great deal of testimony taken in this case. Much of it relates to the value of the property at the time Scheuing conveyed it to Mrs. Ziegler. On this question, the witnesses differ very widely. We will state our own conclusion drawn from the testimony further on.

Many questions were asked Mrs. Ziegler, as to her means and resources. These were objected to. So, there was testimony tending to show that Mrs. Scheuing had no estate of her own. For reasons which will be presently made apparent, we think each of these lines of inquiry was legitimate.

Mrs. Ziegler was a widow with three children. She had an humble home in Cullman, estimated to be worth seven hundred dollars. With industry and economy, working at laborious occupations, she testifies that she had saved two hundred dollars. This was January 1, 1886. It was her intention with this money to purchase goods, and start a little notion store. There is no proof of any other means or resources then owned by, or available to her. About this time Scheuing embarked in merchandise in Cullman. Mrs. Ziegler lent Scheuing the two hundred dollars, taking as security for its repayment the joint note of himself and wife, with waiver of exemptions. This note bears date January 1, 1886, and was made due six months after date, with interest from date. On April 6, 1886, Mrs. Ziegler borrowed from her friend, Mrs. Mehne, living near Cincinnati, Ohio, four hundred dollars; and to secure its repayment, with eight per cent. interest, gave her a note with waiver of exemptions, due at twelve months, or April, 1887. This sum in bank bills was sent by ordinary, unregistered letter, through the mail, from Cincinnati, Ohio, to Mrs. Ziegler, at Cullman, Alabama, and was received by her April 7, 8, or 9. April 12, 1886, Mrs. Ziegler lent this four hundred dollars to Scheuing, and for its repayment took from him the waive note of himself and wife, due at six months, bearing eight per cent. interest. It is not stated that the money was or was not borrowed from Mrs. Mehne to be let to Scheuing, or that Mrs. Mehne knew it was to be lent, or was lent to him. These two notes, with their accrued interest, a small account, and fifty

dollars in money, making in all seven hundred dollars, were the consideration on which the deed from Scheuing to Mrs, Ziegler was executed. Mrs. Ziegler did not engage in any business until June, 1886, when she opened a little notion shop, with goods valued at seventy-five dollars. Mrs. Ziegler, Mrs. Mehne and Scheuing were not related to each other. The foregoing is Mrs. Ziegler's account. Mrs. Mehne confirms her in her testimony as to the loan of the money, and remitting it through the mail in unregistered letter; and Mrs. Scheuing confirms her as to borrowing the two sums of money, and giving the two waive notes. Scheuing was not examined as a witness. There was some testimony tending to show that, when these two transactions, and those after noted, took place, Mrs. Scheuing had no property. There was none that she owned property or means, with which to make purchases.

There are other note-worthy features, and some discrepancies in the testimony of Mrs. Ziegler and that of Mrs. Mehne, but we will not point them out. It will be seen in what we have stated that the business transactions of these parties, as testified to, while not altogether impossible, are nevertheless peculiar, and outside of the customary paths of human dealings. They do not command assent by their reasonableness.

The second, or larger of Scheuing's notes to Mrs. Ziegler, matured October 12, 1886. Ten days afterwards, October 22, 1886, Scheuing and wife, on the recited consideration of seven hundred dollars, conveyed to her two lots in the town of Cullman, and two tracts of land in the country—one of eighty, and one of forty acres. We have stated above the items which it is claimed made up this seven hundred dollars of consideration. Soon after the purchase, Mrs. Ziegler sold to Abels the forty-acre tract, for one hundred and fifty dollars, and leased to Mrs. Scheuing for the balance of that year one of the lots, on which were standing some old stables. The terms ot this lease are not clearly shown. Another formal letting was made by written lease from Mrs. Ziegler to Mrs. Scheuing, commencing January 1, 1887, and to run ten years. By the terms of this lease, the tenant had the privilege of erecting a building or other structure on the lot, and was to pay an agreed annual rent of thirty dollars a year. Under this lease, a livery-stable was erected worth four or five hundred dollars. The livery-stable has been kept in the name of Mrs. Scheuing, but has been superintended and managed by Scheuing himself. The other of the town lots was sold by Mrs. Ziegler to Mrs. Scheuing, for six hundred and fifty dollars. It is thus shown that for the two pieces of property she has received back one hundred dollars more than she claims to have

paid for the four. After weighing the testimony with some care, we have reached the conclusion that the entire property when sold to Mrs. Ziegler was worth nine hundred and fifty dollars.

Giving due weight to the very peculiar and unusual circumstances brought to view in this transcript, our ruling would have been the same as that of the chancellor, if the case had come before us in the first instance.

Affirmed.