# Buford, McLester & Co. *v.* Shannon.

*Statutory Action in nature of Ejectment.*

| 95 | 205 |
| 97 | 633 |
| 95 | 205 |
| 105 | 325 |
| 95 | 205 |
| 113 | 575 |
| 95 | 205 |
| 121 | 103 |

1. *Failure to record deed; intervening levy of attachment.*—The failure
to file a conveyance for record until the twentieth day after its date
and execution does not affect its validity as against an attachment
levied during the interval, especially where the attaching creditor
had actual notice of the deed.

2. *Parol evidence as to consideration of deed.*—When a conveyance of
land recites as its consideration the payment of money in hand, and
its validity is assailed by creditors of the grantor, parol evidence is
admissible to show that the actual consideration was the payment
and satisfaction of an antecedent debt.

3. *Declarations as evidence; general objection to evidence partly ad-
missible.*—Although the declarations of the grantor in a conveyance,
the validity of which is attacked by creditors, as to the compensation
he was paying the grantee for his services as clerk, are mere hearsay,
and therefore inadmissible as evidence, where a third person testifies
as to them; yet, when the witness also testifies to the compensation
agreed on between them, and objection is made to his entire testi-
mony, it may be overruled entirely, since a part of the evidence is
legal.

4. *Conveyance by insolvent debtor to creditor; validity as against other
creditors.*—A conveyance of land by an insolvent debtor to one of his
creditors, in absolute payment of an existing debt, is not rendered
invalid as against other creditors by the grantee's knowledge of the
grantor's insolvency: but, if it is accompanied with the sale of a stock
of goods, at a fair valuation, in payment of the balance of the debt, a
small excess of about $20 being paid by the purchaser in cash, this
would invalidate the entire transaction as against other creditors;

yet, where the bill of exceptions states that the evidence showed, without controversy, that there was no connection between the two contracts, and that the sale of the land was concluded before any negotiations were had in reference to the purchase of the goods, the implied fraud in the lat'er contract does not affect the validity of the former.

5. *Same; proof of payment of consideration.*—When a conveyance of property by an insolvent debtor to one of his creditors, in payment of an existing debt, is assailed by other creditors as fraudulent, the *onus* is on the grantee to establish the existence, *bona fides*, and amount of his debt, showing no material discrepancy between it and the reasonable value of the property; but, if the jury are satisfied from the evidence that the amount of the debt as claimed was due and allowed on a settlement between the parties, it is not necessary that each of the items involved should also be separately proved to their satisfaction; and a charge requested, instructing them that they must find against the deed, unless each item of the indebtedness claimed is proved to their satisfaction, is properly refused.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellants, suing as a late partnership, against W. J. Shannon and others, to recover the possession of a tract of land, and was commenced on the 21st January, 1889. The plaintiffs claimed the land as purchasers at a sale made by the United States marshal, on the 28th November, 1887, under legal process issued on two judgments in attachment cases against M. L. Shannon, one of which was in favor of said plaintiffs; and they offered in evidence the marshal's deed to them and the judgments and proceedings in the two attachment cases. The defendants had entered into possession as the tenants of John A. Allred, who claimed under a conveyance from said M. L. Shannon, which was executed a few days before the levy of the attachments; and he having died, his heirs at law were admitted to defend on their own claim of title. The plaintiffs attacked the validity of the deed to Allred, on the ground of fraud, and the defendants adduced evidence tending to show its consideration and *bona fides*. The plaintiffs objected to the admission of the deed as evidence, and also to the evidence offered to show its consideration; and exceptions were reserved to the admission of this evidence. J. P. Greene, a witness for defendants, testified as to the consideration of the deed, stating that Allred had been in the employment of Shannon for several years; that he had several times made settlements between them, when Allred allowed Shannon to retain the amount due him, and had seen Allred lend money to Shannon at different times, in sums of $30, $40, $50, &c.; and that the amount due to Allred by Shannon at the date of the deed, was about $1,400. Being asked, on

cross-examination, "how he knew what Shannon paid Allred for his time," the witness answered, "that both Allred and Shannon told him that Shannon was paying Allred $25. per month for his work; that he saw the books, made settlements for them, and saw Allred lend his wages to Shannon. Plaintiffs here moved the court to exclude from the jury all that the witness had said about what Shannon had said or agreed to pay Allred for his labor, on the ground that the same was illegal evidence; which motion the court overruled, and the plaintiffs excepted." The evidence showed, also, that on said 6th February, 1886, but after the completion of the contract for the sale of the land, Shannon sold and transferred to Allred his entire stock of goods, valued at $600 or $700, in payment of the residue of his debt to Allred, receiving $20 or $25 as the estimated difference; that Allred knew at the time that Shannon was insolvent, and that he was Shannon's son-in-law.

On the facts above stated, "being in substance all the evidence," the court charged the jury, on request of the defendants, as follows: "If the jury find from the evidence that Shannon, when he conveyed the land in controversy to Allred, was indebted to him in the sum of $700, and that this was a fair and reasonable valuation of the property, and that the land transaction was consummated before the purchase of the goods; then this is a sufficient consideration for said deed."

The plaintiffs excepted to this charge, and also to the refusal of each of the following charges, asked by them in writing: (1.) "If the jury believe from the evidence that Shannon owed the plaintiffs a sum of money on February 6th, 1886, then the law casts on the defendants the burden of proving the consideration of the deed from Shannon to Allred by clear and satisfactory proof; and if the jury further find from the evidence that Allred was Shannon's son-in-law, then the law is that defendants must prove the component amounts aggregating the fair value of the lands; and if they fail to prove the different amounts by items which, added together, will show the payment of the value of the property conveyed, then it is the duty of the jury to find for the plaintiffs."

(2.) "If the jury believe the evidence, they will find that Allred either knew, or was in possession of facts calculated to stimulate inquiry; [?] and if they find the fact so to be, and that Allred, on the day the conveyance was made to him by Shannon, paid Shannon $25 or $30 in money, this would render the transaction fraudulent and void as to plaintiffs."

(3.) "The law requires the defendants to show an indebtedness from Shannon to Allred equal to the fair valuation of the land conveyed on the 6th February, 1886, and if they have failed to show by clear and satisfactory proof the different items of the indebtedness, which, when added together, will aggregate the reasonable value of the land at the time it was conveyed by Shannon to Allred, then plaintiffs are entitled to judgment for the land."

(4.) "The loans of $150, $50, $35, $25, and $50, are the only payments by Allred to Shannon established by defendants by that measure of proof which the law requires in this case, and this is insufficient to establish the *bona fides* of the deed from Shannon to Allred; and the verdict of the jury should therefore be for the plaintiffs."

(5.) "The defendants must prove the payment of the reasonable value of the land conveyed by Shannon to Allred; and if the jury believe from the evidence that the payments of $150 at one time, $50 at another, $35 at another, $25 at another, and $50 at another, were all the payments made, as established by clear proof, then said deed is fraudulent and void as against plaintiffs, and their verdict should be for plaintiffs."

(6.) "The burden of proof is on the defendants to show by clear and satisfactory evidence that Shannon owed Allred, on the 6th Feb., 1886, an amount equal to the reasonable, market value of the land conveyed, and also to show the different amounts due by Shannon to Allred, aggregating the value of the land conveyed at the time; and unless the jury believe the evidence shows this to their satisfaction, the defendants are not entitled to recover, and the verdict of the jury should be for the plaintiffs."

(7.) "If the jury believe from the evidence that Allred got $600 or $700 worth of goods from Shannon on the 6th Feb., 1886, in addition to the land conveyed by deed of that date, then the duty devolves on defendants of showing by clear and satisfactory evidence the existence of an indebtedness from Shannon to Allred equal to the value of the goods and the land so conveyed; and unless the jury believe that the evidence clearly establishes this amount of indebtedness, their verdict should be for the plaintiffs."

(8.) "If the jury believe the evidence of J. P. Greene is the only evidence before them of the sale of both the land and the goods; and if they further believe that both sales were made at the same time, and that the $25 or $30 was paid; and if there is no other evidence of said sale, and said Greene is uncontradicted and unimpeached, they can

not disregard his testimony capriciously; and if they believe this testimony, in connection with the other evidence, then they should find that the deed from Shannon to Allred is void, and return a verdict for plaintiffs."

(9.) "If the jury believe from the evidence that Allred bought $600 or $700 worth of goods from Shannon on the 6th Feb., 1886, then the burden of proof is on the defendants to show that Shannon owed Allred an amount equal to the value of the goods, in addition to the value of the land, and unless this indebtedness is shown by clear and satisfactory proof, the verdict should be for plaintiffs."

(10.) "In this case, the burden of proof is on the defendants to show by clear, satisfactory proof, the value of the consideration passing from Allred to Shannon for the property conveyed, and in the absence of such proof to the satisfaction of the jury, they should find for the plaintiffs."

(11.) "Under the law of this case, and the evidence before the jury, if they believe the evidence, the deed from Shannon to Allred, of date Feb. 6th, 1886, is fraudulent and void as against plaintiffs."

(12.) "The jury con not indulge in any presumption of payments by Allred to Shannon, but it devolves on the defendants to show by clear and satisfactory proof the payment by Allred of the value of the property conveyed; and if defendants have failed to prove this, the jury will find for the plaintiffs."

The other charges asked and refused were these : (13.) "There is no proof before the jury of an indebtedness of $1,400 from Shannon to Allred, such as the law requires, by clear and satisfactory proof." (14.) "There is no proof before the jury of an indebtedness of $1,400 from Shannon to Allred, and the jury will not look to any evidence about $1,400 being due." (15.) "There is no proof before the jury of any indebtedness from Shannon to Allred of $1,400." (16.) "If the jury believe the evidence in the case, they should find for the plaintiffs."

The rulings on evidence, the charge given, and the refusal of the charges asked, are assigned as error.

JNO. C. EYSTER, for appellants.—(1.) Plaintiffs' attachment created a lien, and the judgments obtained related back to the levy.—Code, § 2957; *Stripling & Co. v. Cooper,* 80 Ala. 256; *Scarborough v. Malone,* 67 Ala. 370; *Reid v. Perkins,* 14 Ala. 231; *Randolph v. Carleton,* 8 Ala. 606. The court therefore erred in admitting the deed to Allred as evidence, and in refusing the general charge asked by

14

plaintiffs.   (2.)   The testimony of Greene, as to what Shan-
non told him he had agreed to pay Allred, was mere hear-
say, and should not have been admitted.   (3.)   The charges
asked by plaintiffs asserted correct legal principles, some
of them in the exact language of former decisions of this
court, and should have been given.—*Levy v. Williams*,
79 Ala. 171; *Lehman v. Kelly*, 68 Ala. 292; *Crawford v. Kirk-
sey*, 55 Ala. 293; *Hubbard v. Allen*, 59 Ala. 283; *Thorington
v. City Council*, 88 Ala. 548; *Lehman v. Greenhut*, 88 Ala.
478; *Pollock v. Searcy*, 84 Ala. 263; *Wedgeworth v. Wedge-
worth*, 84 Ala. 274; *Gordon v. McIlwain*, 82 Ala. 252;
*Lipscomb v. McClellan*, 72 Ala. 151.

INZER & WARD, *contra.*

McCLELLAN, J.—1. This is an action of ejectment,
prosecuted by Buford, McLester & Co., against John A.
Allred and others.   Plaintiffs claim under a deed executed
to them by the marshal of the United States District Court
for the Southern Division of the Northern District of Ala-
bama, by whom the land was sold under a judgment and
condemnation in attachment prosecuted by said plaintiffs
against M. L. Shannon, for the collection of a debt existing
prior to February 6, 1886.  The attachment was levied on
the land February 11, 1886.   The marshal's deed bears
date as of December 1, 1887.   Defendants claim under a
deed executed February 6, 1886, prior to the levy of the
attachment, by Shannon, the debtor and defendant in attach-
ment, to John A. Allred, on a recited consideration of
seven hundred dollars "in hand paid."   This deed was not
recorded until February 25, 1886, subsequent to the levy.
Shannon's insolvency at the date of his deed to Allred may
be taken as having been conceded on the trial below.   For
all the purposes of this appeal, it may be further conceded
that Allred had knowledge or notice of his grantor's in-
solvency.   From the foregoing facts and concessions it
follows, that the burden was on Allred to show a convey-
ance by Shannon to him in satisfaction of an antecedent
*bona fide* debt, substantially equal in amount to the value
of the land conveyed.   In discharge of this burden de-
fendants offered the deed which we have described.   Its
introduction in evidence was objected to *in limine*, on the
ground that "it was fraudulent and void on its face as
against plaintiffs, creditors of Shannon, in this :   because
said deed was executed on the 6th day of February, 1886,
and was not filed for record until the 25th day of February,

1886, and plaintiffs' lien on said property was acquired by
the levy of the writs of attachments thereon on the 11th
day of February, 1886." The court very properly over-
ruled this objection. The delay in putting the deed to
record shown in this case did not avoid it, as against an
intervening attachment levy; and, moreover, it is not
controverted but that plaintiffs had actual notice of Allred's
claim of title to the land before the levy was made.

2. The assignment of error based on the refusal of
the court to exclude testimony going to show that the
consideration of the deed was an indebtedness from the
grantor to the grantee, is untenable. This class of cases
does not involve an exception to the rule that, where a
particular valuable consideration, as money presently paid,
is recited, another and valuable consideration, as the
satisfaction of a pre-existing indebtedness, may be shown
in support of the deed.—Wait's Fraud. Con. § 221;
*Mobile Savings Bank v. McDonnell*, 89 Ala. 434.

3. It may be that certain declarations of Shannon, as
to what he was paying Allred for his services, deposed
to by the witness Greene, were not competent to prove
the debt relied on by Allred as a consideration for the
conveyance to him; but this witness also testified as to
the compensation *agreed* on between Shannon and Allred
as the latter's wages. We know of no more direct or
approved method of establishing the fact in question than
this. The motion of plaintiff in this connection was to
exclude. not only Shannon's declarations, but his agree-
ment with Allred. There was no error in overruling it.
*Kellar v. Taylor*, 90 Ala. 289; *Badders v. Davis*, 88 Ala.
367; *Lowe v. State*, *Ib.* 8.

4. The evidence tended to show that the whole amount
of Shannon's indebtedness to Allred was $1,400. On the
day on which Allred purchased the land involved here from
Shannon, in satisfaction in part of this indebtedness, he
also purchased from him a stock of goods valued at $20 or
$25 more than the balance of his claim, and paid therefor
either $20 or $25 in money, and the balance by satisfying
that part of his debt not liquidated in the land trans-
action. In view of Shannon's insolvency and Allred's
knowledge of it, this latter transaction, involving as it did
a present cash consideration in part, would have invalidated
the sale and conveyance of the land, could the transactions
be considered as one, or had there been any connection
between the two. But that there was no such connection
is put beyond a doubt, for all our purposes, by the follow-

[Buford, McLester & Co. v. Shannon.]

ing recital in the bill of exceptions : "The evidence further tended to show, and upon this point there was no controversy, that the deed for the property in suit was executed and delivered before any negotiations were had with reference to the gosds ; that afterwards, and perhaps on the same day, Shannon sold Allred groceries, &c., to pay balance due ; that after the goods were selected and invoiced, they amounted to some $20 or $25 more than the balance, and Allred paid that difference in money." In view of this recital, it is not conceivable how the purchase of the goods can any way affect the prior and wholly disconnected transaction with respect to the land. Yet the objection to the charge given for the defendants, and the exceptions to the refusal by the court of charges 2, 7, 8 and 9, proceed on the theory, that the first transaction, though in and of itself *bona fide* and valid, was infected with fraud and avoided by what subsequently and wholly independently took place between the parties in reference to the stock of groceries ; while charges 10 and 12 asked by plaintiffs, and refused by the court, manifestly tended to mislead the jury to the same conclusion. The assignments of error addressed to the court's action on these several charges are without merit.

5. While the burden of proving the prior existence and present satisfaction of indebtedness from Shannon to Allred, in amount equal to the value of the land, as a consideration for the deed, by clear and convincing evidence, was on the defendants, as declared in many of the charges refused to the plaintiffs, it is quite an error to suppose, as these charges further declare, that it was essential to prove each separate item aggregating the requisite sum. Cases may well be imagined—and indeed this is one of them—where proof of a gross sum found to be due, acknowledged and agreed to be paid, on a settlement between the parties, might well be entirely satisfactory to a jury, though the witnesses deposing thereto had no knowledge whatever of the dealings between the parties, or the items of debit and credit involved therein, which necessitated and led up to such settlement. Such instructions are especially pernicious in cases like this, where it appears the creditor and debtor, the only persons who ordinarily would be conversant with the itemization of the account, die before the trial is had. Charges 1, 3, 6, 11, 13, 14, 15 and 16, asked by plaintiffs, either expressly require proof of the items of the alleged indebtedness, or proceed on the theory that such proof is essential; and this though the jury might reasonably be entirely satisfied of the amount and *bona fides* of the claim from other competent

[Joseph v. Henderson.]

evidence. And charges 4 and 5 were well calculated to mislead the jury to the conclusion that they could not find an indebtedness beyond certain specific sums, which one witness testified that Allred loaned to Shannon, because the alleged debt in excess of this amount was not proved item by item, though there was abundant proof, even by plaintiffs' own witnesses, that these loans did not constitute the whole indebtedness, and other evidence tending to show that, on settlements made between the parties, the balance in Allred's favor was largely more than the sum of these loans. Many, if not all of these charges, were faulty in other particulars, but it is unnecessary to further discuss them. Each of them was properly refused.

We find no error in the record, and the judgment of the Circuit Court is affirmed.