# Gill v. Daily.

### *Action on a Promissory Note.*

1. *Trial of cause by court without jury; when judgment not reviewed on appeal.*—When a cause is tried by the court without the intervention of a jury, and there is no request for a special finding of the facts by either party, and no special finding was made by the court, (Code, §§ 2743-45), the conclusion of fact by the court is the equivalent of a verdict of the jury, and can not be reviewed on appeal; and the fact that there was an agreed statement of the testimony of the witnesses in such case, much of which was conflicting, does not take the case without this rule, so as to render the judgment reviewable, since such statement amounted to no more than a bill of exceptions

2. *Note as evidence; objections to its admissibility.*—General objec-

[Gill v. Daily.]

tions directed to entire evidence, a part of which is competent and admissible, are properly overruled; and in an action on a note, an objection to its admission in evidence, which is directed to its admissibility generally, is properly overruled, where the note is competent evidence for the purpose of showing a promise to pay, although other provisions of the note are inadmissible.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, J. S. Daily, against the appellant, William J. Gill, and his wife, M. L. Gill, and counted upon a promissory note containing a waiver of exemptions, and was commenced in a justice of the peace court. William J. Gill filed a plea of *non est factum*, and his wife filed a plea of coverture. Neither of the defendants were able to write. When the note sued on was executed, the clerk of the plaintiff wrote the names of both William J. Gill and his wife to the note, and the wife touched the pen while the clerk made the mark for both of the names. When this note was offered to be introduced in evidence, the defendant, William J. Gill, objected to the introduction of the same in evidence, 1st, because the evidence does not show that he executed the same; 2d, because said instrument waives his exemptions, and the proof shows that the signature thereto was not made by him, but was made by the clerk of the plaintiff making his mark, without his authority in writing or otherwise, and when he was not present. The court overruled the defendant's objection, and allowed the note to be introduced in evidence, and to this ruling the defendant, William J. Gill, duly excepted. The opinion renders it unnecessary to make a fuller statement of the facts of this case.

The cause was tried by the court without the intervention of a jury. The court sustained the plea of coverture as to the defendant M. L. Gill, and rendered judgment against William J. Gill on the note sued upon, and condemned the property, which had been previously attached, to be sold. The court made no special finding of the facts. The defendant, William J. Gill, appeals, and assigns as error the admission in evidence of the note sued upon, and the rendition of judgment against him on the note containing a waiver of exemptions, condemning the property levied upon to be sold.

ALMON & BULLOCK, for appellant.

No counsel entered as appearing for appellee.

McCLELLAN, J —This case was tried on its merits by the judge of the circuit court without the intervention of a jury. No request for a special finding of the facts was made by either party, and no special finding was in fact made. Nor was there an agreed statement of the facts upon which the trial was had, but only an agreed statement of the *testimony of the witnesses*, much of which was conflicting ; and this statement amounted to no more than an ordinary bill of exceptions. On this state of the record before us, we can not review the conclusions of facts reached by the presiding judge ; they stand upon the same unrevisable plane as the verdict of a jury.— *Quillman v. Gurley*, 85 Ala. 595 ; *Calloway v. State*, 75 Ala. 37 ; *Bell v. State*, 75 Ala. 25.

But one exception was reserved to the admission of testimony. This went to the note upon which the suit was brought. The note proper, i. e. the promise to pay, was clearly competent and properly admitted : the conclusion of the trial judge that the defendants executed it, a conclusion which we can not review and which, if we could review, we would not disturb, necessitated its introduction in evidence. Whether an objection to the introduction in evidence to the waiver of exemptions embraced in the note would have been well taken we need not decide, indeed can not, because no such objection was interposed. Conceding that the waiver was not binding on the defendant, Wm. J. Gill, because he did not personally sign the note embracing it and did not *in writing* authorize another to sign it for him, the objection which was made was yet bad and well overruled, for that it went indifferently against both competent and incompetent evidence.— *Webb v. Ballard*, 97 Ala. 584 ; *Buford, McLester & Co. v. Shannon*, 95 Ala. 205; and this though it may be the court had the discretion, if part of the writing offered as a whole were incompetent, to exclude it altogether.—*Clark v. Ryan*, 95 Ala. 406.

Affirmed.