# First Bank of Elba v. Mayfield Woolen Mills.

### Garnishment.

(Decided April 28, 1906. 40 So. Rep. 954.)

*Appeal; Matters Reviewable; Findings; Sufficiency of Evidence.*—On an issue made up on the contest of the answer of a garnishee, where the trial was by the court without a jury, and no special finding of the facts was requested or made, this court cannot, on appeal, review the finding and judgment of the court any more than it could review the verdict of the jury (construing §§ 3319 and 3321, Code 1896.)

APPEAL from Coffee Circuit Court.

Heard before HON. H. A. PEARCE.

Action by Mayfield Woolen Mills against L. H. Morris, in which the First Bank of Elba was made garnishee. From a judgment for plaintiff against the garnishee, it appeals.

RILEY & WILKERSON, for appellant.—In garnishment proceedings, the court is authorized to try contested is-

sues of fact without a jury.—§ 2196, code 1896. And in such cases, the supreme court can review the finding and judgment of the court without a special finding in writing by the nisi prius court.—*Gilliard v. Duke,* 57 Ala. 619; *Nooe's Executors v. Garner,* 70 Ala. 447; *Jaques v. Hornton,* 76 Ala. 338. Counsel discuss other questions not adverted to in the opinion.

J. F. SANDERS, for appellee.—The supreme court will not review the judgment of the lower court since the cause was tried without a jury and no special finding of facts was made or requested.—*C. of Ga. Ry. Co. v. Turner,* 39 So. 30; *Candler v. Crossland,* 126 Ala. 176; *Brock v. L. & N. R. R. Co.,* 114 Ala. 431; *Beall v. State,* 75 Ala. 25; *Ex parte McGlown,* 75 Ala. 38; 138 Ala. 419. The fact that appellant had reserved an exception to the judgment of the court does not vary the case.—*Quillman v. Gurley,* 85 Ala. 594; *Gill v. Daly,* 105 Ala. 323. The rule is the same notwithstanding the cases above cited were decided upon principles growing out of sections 3319 to 3321.—*Authorities supra; Betancourt v. Eberlin,* 71 Ala. 461; *Etheridge v. Malenpre,* 19 Ala. 701. There is no distinction between the trial of a cause by the court in a case of this kind and any other case.—*Graves v. Cooper,* 8 Ala. 211; *Wright v. The State,* 129 Ala. 123.

DENSON, J.—On the 4th day of April, 1901, in the circuit court of Coffee county, the Mayfield Woolen Mills, appellee here, recovered a judgment against L. H. Morris in the sum of $1,114.88. The judgment remaining unsatisfied, on the 27th day of October, 1902, the plaintiff sued on a writ of garnishment against the First Bank of Elba, appellant here, to obtain satisfaction of its judgment. At the spring term, 1903, of the court, the garnishee answered the garnishment, denying any indebtedness, or liability to L. H. Morris. At the same time the plaintiff controverted the answer by filing an affidavit, as required by section 2196 of the code of 1896, and at the same time formal allegations were filed specifying in what respect the answer of the garnishee was untrue.

At the spring term, 1905, issue was made up between the parties, and the contest of the answer was tried by the court. The trial resulted in a judgment for the plaintiff, and from that judgment this appeal was taken.

The bill of exceptions recites that the cause was tried without the intervention of a jury. The judgment entry also shows that the cause was tried by the court without a jury. No request for a special finding of the facts was made, and no such finding was made. A bill of exceptions was reserved on the trial, in which all of the evidence is set out; but the only exception reserved was to the refusal of the court to render judgment discharging the garnishee and in rendering judgment against the garnishee. It is contended by the appellee that, in the state the record is, this court cannot review the judgment of the circuit court. Section 3319 of the code of 1896 provides that: "An issue of fact in a civil case may be tried and determined by the court without the interevention of a jury, whenever the parties, or their attorneys of record, file an agreement in writing with the clerk, waiving a jury; and in such case, the finding of the court upon the facts shall have the same effect as the verdict of a jury." Section 3321 of the code of 1896 provides for a bill of exceptions when the trial by jury has been waived, and provides that, "if the finding is special, on appeal the supreme court must examine and determine whether the facts are sufficient to support the judgment." Construing these sections, it has been frequently held by this court that, where no special finding has been made by the court and the cause was not tried on an agreed statement of facts, the conclusions reached by the presiding judge stand upon the same unrevisable plane as the verdict of a jury.—*Quillman v. Gurley,* 85 Ala. 595, 5 South. 345; *Gill v. Daily,* 105 Ala. 323, 16 South. 932; *Chandler & Jones v. Crossland,* 126 Ala. 176, 28 South. 420; *Western Union Tel. Co. v. White & Co.,* 129 Ala. 188, 30 South. 279; *Central of Ga. Ry. Co. v. Turner,* 145 Ala. 441, 39 South. 30. If sections 3319 and 3321 are to control us in our consideration of the question, an affirmance of the judgment should follow as a matter of course.

[First Bank of Elba v. Mayfield Woolen Mills.]

But the appellant insists that section 3319 is not applicable, and that section 2196 of the code of 1896 is the one to be considered. Section 2196 provides: "That plaintiff, his agent, or attorney, may controvert the answer of the garnishee, by making oath, at the term the answer is made, that he believes it to be untrue; and thereupon, an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue; and if required by either party, a jury must be empaneled to try such issue." The insistence that this court should review the conclusion of the court on the evidence as shown by the bill of exceptions is based upon the last sentence of this section. The argument in support of appellant's insistence proceeds upon the idea that, as the court is authorized by the statute to try the issues arising on a contest of a garnishee's answer without a jury, this court will review the finding and judgment of the court without a special finding having been made.

The cases of *Gaillard v. Duke*, 57 Ala. 619; *Nooe's Ex'r v. Garner's Adm'r*, 70 Ala. 447, and *Jaques v. Horton*, 76 Ala. 238, are cited by appellant in support of the argument. We have examined these cases, besides many others. The first and last of the three cited are cases in which the appeal was from the probate court to this court, and the second case is one in which an appeal was taken from the probate court to the circuit court, and in the circuit court tried on a certified transcript of the proceedings in the probate court, and from the judgment rendered by the circuit court an appeal was taken to this court.—*Nooe's Ex'r v. Garner's Adm'r, supra.* We have been unable to find any decision by this court, and we believe none can be found, in which it has been held, in the absence of a statute specially authorizing it, that an appeal to this court from a judgment of the circuit court rendered on a trial of the issues by the court without the intervention of a jury, and without a special finding or an agreed statement of facts, the conclusion or the judgment of the court is revisable. It is by virtue of the statute that, on appeals from the probate court the judg-

ment is revisable when the bill of exceptions sets out all the evidence.—Code 1896, § 467.

The general statute authorizing the taking of a bill of exceptions during the trial of a civil case is in this language: "Either of the parties in any civil case, during the trial of the cause, may reserve by bill of exceptions any charge, opinion or decision of the court touching the cause of action, which would not otherwise appear of record."—Code 1896, § 612. Evidently this does not embrace the final judgment rendered by the court, for that otherwise appears of record. This view is supported by the fact that, when the legislature would authorize the review by this court of the judgment of a nisi prius court on a bill of exceptions, it has done so by specific legislation to that effect, as may be seen by the reference to the several acts creating city courts and courts of inferior jurisdiction in the state, and to the statute governing appeals in mandamus proceedings.

When the issues in garnishment proceedings in the circuit court are tried by the court under section 2196 without the intervention of a jury, there can be no doubt that under section 612 of the code of 1896 either of the parties may reserve by bill of exceptions the rulings of the court on the introduction and admissibility of evidence and on appeal such rulings would be revisable by this court. But our conclusion is that the final judgment of the court cannot be reviewed in the absence of a special finding of the facts.—Code 1896, §§ 3319, 3321; *Betancourt v. Eberlin,* 71 Ala. 461; *Brock v. L. & N. R. R. Co.,* 114 Ala. 431, 21 South. 994. It follows that the judgment of the circuit court must be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.