### FORREST & WIFE v. ROBINSON, EX'R.

1. Where an answer to a bill in Chancery, sets up facts in avoidance of an allegation of the bill, such facts must be proved, unless the complainant consent that the cause be brought to a hearing on bill and answer; and such consent should appear on the record, either expressly, or by necessary implication.
2. A married woman who has a separate estate, which she may charge, is subject to the operation of the rule, as if she were a *feme sole,*

Error to the Chancery Court at Columbiana.

This was a bill in Chancery by the defendant in error, to subject the separate estate of Mrs. Forrest, to the payment of a debt alledged to be due from her to the defendant, as the executor of her father. The case was formerly before this Court, reported in 4th Porter, 44, when the principle governing the case, was settled. The question here determined, is one of practice merely, which sufficiently appears in the opinion of the Court.

McClung & Phelan, for plaintiffs in error.
Peck & Clark, contra.

ORMOND, J.—When this case was before this Court at a previous term, reported in 4th Porter, 44, certain principles were determined, which are the law of the case. It was then held, that the *ante-nuptial* agreement enabled the wife to act in relation to her separate estate, as if she were a *feme*

*sole,* and that her written engagement created a lien upon her separate estate.

By the answer, she admits that she executed the bond, set out in the bill, in favor of the complainant, who was the executor of her father's estate, in satisfaction of a claim which the executor set up for disbursements, made on account of the legatees, the amount of the bond being her share. That the executor produced an account of the items, of which, she says, she had no personal knowledge. That since the execution of the bond, she has discovered some errors, and points out the items of the account, in which the error is said to consist. No proof has been taken in the cause, which was tried on the bill, answer, and exhibits.

It is an established rule in equity, that where a defendant sets up matter in avoidance of an admission, it must be proved, if he wishes the benefit of it on the hearing ; and we cannot perceive that this differs from any other suit in equity, The defendant, although a married woman, has the same power to charge her separate estate by a written admission that she would have, if she were a *feme sole ;* and, having admitted the execution of the bond, which, according to the decree formerly made in this case, is a lien on her separate estate, the effect of this admission cannot be destroyed by the subsequent statements in the answer, that a portion of the bond was without consideration, or was executed in ignorance of the facts. Of these matters, set up in avoidance of a portion of the bond, her answer is not proof, unless the " cause was brought to a hearing by consent, on bill and answer," as provided by the ninth rule of Chancery Practice, 1 Stewart, 617.

By our statute, regulating the mode of proceeding in equity, it is declared, that " it shall not be necessary to file a replication to an answer." (Aik. Digest, 288, s. 17.) The effect of this provision must be, that the statute silently makes up an issue upon the facts alledged in an answer, unless, under the rule of practice before referred to, the complainant waives his privilege of contesting the facts, by consenting that the cause shall be brought to a hearing on bill and answer; and, by so doing, he admits that the answer, whether responsive to the bill or not, is true.

Forrest & Wife v. Robinson, Ex'r.

In this case, it does not appear from the record, that the complainant *consented* to bring the cause to a hearing, or, in other words, admitted that the answer was true in all its parts ; nor can any such consent be inferred from the state of the record, as exceptions were filed to the answer by the complainant, and the cause was continued. The mere fact that no evidence was taken in the cause, will not authorize the presumption, that the complainant admitted the answer to be true.

The law was thus ruled by this Court, in effect, in the case of Bates et al. v. Murphy et al., cited by the Court in the case of McGowen et al. v. Young, 2 Stew. & Por. 189.

But this Court appears afterwards, inadvertently perhaps, to have sanctioned the contrary doctrine, by saying, in general terms, " that when the cause is heard on bill and answer, the allegations of the answer are to be received as true, whether responsive or not." (Lowry et al. v. Armstrong et als. 3 Stew. & Por. 301.) The same doctrine is reiterated by the Court, in the case of Cherry & Bell v. Belcher, 5 Stew. & Por. 141. In neither of the reported cases does it appear, whether the cause was brought to a hearing on bill and answer *by consent;* nor does the decision in either case, appear to be rested on that fact, but on the ground alone, that the *cause was heard on bill and answer.* It may be that the Court did not intend to place their decision on the broad ground which their language would seem to import, and which involves this singular result, that the complainant must disprove the defendant's defence, although not responsive to his bill, or he will be held to have admitted its truth, though the defendant himself has taken no pains to prove it true. This too is supposed to result from a statute, which puts in issue all the allegations of the answer, without any act on the part of the complainant.

From what has been said, it results that the facts set up in the answer of the defendants, in avoidance of the bond given to the complainant by Mrs. Forrest, not being proved, cannot be considered in this Court; and the bond being thus left uncontradicted, must be declared to be a lien on the separate estate of the respondent, Mrs. Forrest.

The defendant, William Robinson, was a mere nominal party, as shewn by the record. There was therefore no necessity for proof as to him. Let the decree of the Chancellor be affirmed.