# Murray, Dibbrell & Co. *et al.* v. Heard, *et al.*

*Bill in Equity to set aside Conveyance as Fraudulent.*

1. *Fraudulent conveyance; burden of proof as to consideration.*— Where a sale of property by an insolvent debtor, in payment of pre-existing debts, is assailed on the ground of fraud by a creditor whose debt was in existence at the time of the sale, the burden is upon the

[Murray, Dibbrell & Co. *et al.* v. Heard *et al.*]

grantee to show the *bona fides* of the consideration, and that the property conveyed was taken at its fair valuation, and was not greatly disproportionate to the indebtedness; but the burden of proving that no benefit was reserved to the debtor, is not upon the purchasing creditor, but upon the attacking creditor. (*Moore, Marsh & Co. v. Penn & Co.*, 95 Ala. 200, qualified.)

2. *Same.*—Where in an action to set aside a conveyance by an insolvent debtor to his wife, in consideration of the payment of an antecedent debt, the testimony of the husband, wife and wife's brother shows the *bona fides* of the consideration, and that the property was taken at a fair valuation, which testimony was not contradicted by the attacking creditor, the conveyance will not be set aside.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

On January 10, 1891, Murray, Dibbrell & Co. and O'Bryan Brothers filed a bill of complaint against George P. Heard, A. A. Heard and W. L. Tillman, in which the complainants alleged that they were creditors of said George P. Heard; that on the 5th day of January, 1891, the said George P. Heard conveyed to his wife, A. A. Heard, certain lands, upon the recited consideration of $1,100, in payment of an alleged antecedent debt, due to her by the said George P. Heard; that the said George P. Heard also conveyed to W. L. Tillman certain other lands and personal property, upon the recited consideration of $4,084.58, in payment of an alleged antecedent debt. The bill averred that the consideration recited in the respective deeds was fictitious and simulated; that the property conveyed was greatly disproportionate to the debts, and that the conveyances were fraudulent and void. The prayer of the bill was that these conveyances be declared fraudulent and void as to complainants, and that the property therein described and attempted to be conveyed be subjected to the debts of the complainants.

Shortly after the filing of this bill, there were two other bills filed by the creditors of the said George P. Heard. Each of these bills were substantially a copy of the first, with the exception of the amounts claimed, and the names of the complainants. The respondents answered and defended separately these three bills of complaint, and in their answers denied that said George

402          SUPREME COURT          [Nov. Term,

[Murray, Dibbrell & Co. *et al.* v. Heard *et al.*]

P. Heard was indebted to either of the complainants
at the time of the execution of the conveyances to A.
A. Heard and W. L. Tillman, or at the time of the
filing of the respective bills, and they affirmed in their
answer the existence and validity of George P. Heard's
indebtedness to each of the respondents, the sufficiency
of the consideration of each of the conveyances, and
that no reservation of an interest in said property was
reserved to the said George P. Heard, and that the
conveyances were not executed for the purpose of hin-
dering, delaying or defrauding his other creditors. The
evidence in each of the cases was the same. The opinion
renders it unnecessary to set out this evidence. The
three causes were submitted together, and upon the
final hearing, upon the pleadings and proof, it was de-
creed that the complainants in each of the bills were
not entitled to the relief prayed for, and each of the
bills were dismissed. From this decree Murray, Dib-
brell & Co. prosecute the present appeal, and assign
the same as error.

STALLINGS & WILKINSON, for appellants.

J. C. RICHARDSON, *contra.*—A debtor, insolvent or in
failing circumstances, may make an absolute sale of his
property to a creditor in payment of an antecedent
debt, by way of preference over other creditors, provided,
(1), the antecedent debt was honestly due; (2), the
property taken in payment thereof was not dispropor-
tionate in value to the amount of said debt; and, (3), that
no interest or benefit was reserved to the grantor.—3
Brick Dig. 517, §§ 137, 138, 140; *Knowles v. Street*, 87
Ala. 360; *Moore v. Penn*, 95 Ala. 200; *Carter v. Cole-
man*, 84 Ala. 256; *Harmon v. McRae*, 91 Ala. 401; *Chip-
man v. Stern*, 89 Ala. 207; *Bank v. McDonnell*, 89 Ala.
434; *McDowell v. Steele*, 87 Ala. 497; *Morrison v. Mor-
ris*, 85 Ala. 196; *Wood v. Moore*, 84 Ala. 253; *Jefferson
Bank v. Eborn*, 84 Ala. 529; *Seaman v. Nolen*, 68 Ala.
465. But the grantee is not bound to negative the res-
ervation of a benefit to the grantor. The burden of
proof on this proposition is on the attacking creditor.
*Roswald v. Hobbie*, 85 Ala. 73.

COLEMAN, J.—The appellants, creditors of George

P. Heard, filed the present bill in the chancery court, and sought to set aside and annul certain conveyances of land and a bill of sale executed by the debtor to Mrs. A. A. Heard and William Q. Tillman, the former being the wife and the latter the brother-in-law of the debtor. There were separate conveyances and for separate property to each of the grantees. The proof shows that the claims of the complainants were *bona fide*, and in part were past due, before the execution of the several conveyances and bill of sale. The defense set up was that the property was sold and received in absolute payment of pre-existing debts. The fact that complainants' debts were owing prior to the date of the execution of the grant, cast the burden of showing the *bona fides* of the consideration, and that the property was taken at its fair value, on the defendants. There is a statement in the case of *Moore, Marsh & Co. v. Penn & Co.*, 95 Ala., top of page 204, to the effect that the purchasing creditor must "also show that no benefit was reserved to the debtor," which is calculated to mislead. This burden is not on the purchasing creditor. The true rule is declared in *Roswald v. Hobbie*, 85 Ala. 73 ; *Pollak v. Searcy*, 84 Ala. 259 ; *Dollins v. Pollock*, 89 Ala. 351 ; *Smith v. Collins*, 94 Ala. 394 ; *Chipman v. Glennon*, 98 Ala. 263. In the examination of the testimony introduced by the respondent, the relation of the grantees to the debtor is a fact to be considered, in determing the *bona fides* of the transaction between them and the truth of their statements.

We have examined the testimony with great care and find from the testimony of disinterested parties that the property was sold at a price not less than its real value. The brother-in-law, Tillman, has established the *bona fides*, and amount of his claim, by the testimony of disinterested witnesses, and by evidence which leaves no room to question its correctness. His claim alone, according to the great weight of the evidence, was a fair equivalent for the property conveyed and sold to both grantees.

Mrs. A. A. Heard has established her claim, by her own testimony, and that of Tillman, her brother, and her husband, the defendant debtor. She has gone into details, as to her resources, her means of obtaining the money, she claims to have loaned her husband. She

testifies as to her landed interest, where it is situated, the annual rents received from this source, and by whom and when paid, also as to her ownership of the livery stable, the evidence of such ownership and how long she has owned it, from whom obtained and how paid for. The complainants offered no evidence in rebuttal of the facts testified to by her and her brother in regard to her pecuniary abilities. This court would be compelled to reject, without any reason save that she was the wife of the debtor, testimony which the complainants themselves did not pretend to meet, before we could conclude that she had not fully discharged the burden resting upon her. The law is well settled that an insolvent or failing debtor may, under proper conditions and limitations, prefer certain creditors in the payment of the debts due them. The proof brings the case fairly within the principles of law decided in the case of *Pollock v. Meyer*, 96 Ala. 172, and the authorities there cited.

Appellants' counsel have submitted no argument and filed no brief in the case in this court, but we have considered the questions raised by the assignments of error.

There is no error in the record.

Affirmed.

