# Cook, et al. v. Thornton.

*Action of Trespass for Wrongful Levy of Attachment on
Stock of Goods.*

1. *Evidence; hearsay.*—In an action to recover damages for a
wrongful taking of goods alleged to be the property of the plaintiff,
where the defendant claims under an attachment against the plain-
tiff's vendor, declarations of the wife of the vendor at the time of the
levy, in the absence of the plaintiff,—the goods levied on not being in
her possession,—are hearsay, and not admissible against the plaintiff.

2. *Ambiguous and misleading charge.*—It is not error to refuse a
charge requested which, when referred to the evidence, is ambiguous,
and, without explanation, calculated to mislead the jury.

3. *General affirmative charge; when should not be given.*—When the
evidence in all material aspects is not free from conflict, or there are
facts material in any phase of the case to be inferred by the jury
from the evidence, it is not proper to give the general affirmative
charge at the instance of either party.

4. *Fraudulent conveyances; burden of proof.*—When a creditor pur-
chases from an insolvent or failing debtor goods or other property in
payment of his debt, paying a fair, reasonable price, if other credi-
tors assail the transaction as fraudulent because there was a reserva-
tion of a benefit to the debtor, the burden of proof rests on the attack-
ing creditors.

5. *Trespass for the taking of goods; who can maintain action.*—To
support trespass for the taking of goods the plaintiff must show that
he had at the time of the taking the actual possession of the goods,
or the right of immediate possession of them.

6. *Fraudulent conveyances; validity of sale by insolvent debtor.*—
Where a failing or insolvent debtor sells to a creditor a part or all of
his property in payment of the debt, if the debt equals the fair and
reasonable value of the property, and no benefit is reserved to the

[Cook, *et al.* v. Thornton.]

debtor, the sale will be sustained, though the insolvency of the debtor is known, and the effect of the sale is to leave all other creditors unpaid

7. *Possession of chattels; what does not amount to abandonment or surrender of.*—The continuity of a possession of goods is not broken, or its nature or character changed, by the temporary absence of the possessor or his bailee, when there is no intention of abandoning them.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The main features of this case are stated in the report of the decision on a former appeal. *Thornton v. Cook, et. al.,* 97 Ala. 630. On the last trial, J. K. Cook, the constable, testified that while he was at the store preparing to levy the attachments, Mrs. Pickett, the wife of the defendant in attachment [under whom plaintiff claimed], walked into the store, and addressed herself to him. The defendant's counsel then asked the witness what she did. The plaintiff objected to the witness testifying to anything said by Mrs. Pickett. The court sustained the objection, and to this ruling the defendants duly excepted, The defendants' counsel then stated to the court that they expected to show by the witness that Mrs. Pickett, in said conversation with the constable, claimed to be the owner of the stock of goods, and claimed to be in possession thereof; and again asked the witness whether Mrs. Picket said anything about the stock of goods, or about being in possession thereof. The plaintiff again objected, which objection the court sustained, and refused to allow the question to be asked or answered, and to this ruling the defendants duly excepted.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: (1) "The burden of proof is on the defendants to show the reservation of any benefit to Pickett in the sale to Thornton." (2) "If the jury believe that the plaintiff had the actual possession, or the right to actual possession, of the goods in controversy, then he can properly bring an action of trespass for their unlawful taking." (3) "I charge you, gentlemen of the jury, if Pickett justly owed Thornton a debt equal to the market value of the stock of goods, and sold the goods to him in absolute payment thereof, reserving no benefit to himself in the transaction,

[Cook, *et al.* v. Thornton.]

the sale must stand, regardless of any fraudulent intent· on the part of either said Thornton or Pickett, or both of them." (4) "If the jury believe from the evidence that the sale was in payment of a *bona fide* debt in goods at a fair price, then the burden of proof is cast on the defendants to show that the subsequent agreement was made at time of sale, and was a part of it; and if the evidence fails to show you that a benefit was reserved to said Pickett, and if the jury further believe from the evidence that at the time of the levy of said attachment Thornton had possession of said goods, or had a right to the immediate possession thereof, then the jury must find for the plaintiff." (5) "If the jury believe from the evidence that Thornton took possession of said stock of goods from Pickett, and Pickett delivered possession thereof to him on the evening before the levy of said attachment of Allen, Redd & Co., and said Thornton immediately thereafter on the same evening put a clerk in charge thereof as his (Thornton's) agent, then I charge you further, from the evidence, the absence of said clerk from said store at the time of said levy was merely temporary in Birmingham; and, without intention of giving up possession, said absence did not operate as a surrender of the possession of said Thornton." To the giving of each of these charges the defendants separately and severally excepted and also separately and severally excepted to the court's refusal to give each of the following written charges requested by them: (6) "If the jury believe the evidence they must find for the defendants." (7) "I charge the jury that under the written agreement between Thornton and Pickett in evidence in the case, Thornton had no immediate right to the possession of goods in controversy at or prior to the time of the levy of the attachment; and if the jury believe from the evidence that Thornton was not in possession of the goods in controversy at the time of the levy, then the jury must find for the defendants." There were verdict and judgment for the plaintiff. The defendants appeal, and assign as errors the several rulings to which exceptions were reserved.

GILLESPIE & SMYER, and JOHN F. MARTIN, for appellants.

[Cook, *et al*. v. Thornton.]

MOUNTJOY & TOMLINSON, *contra*.

BRICKELL, C. J.—There was no error in the exclusion of the evidence of the declaration of the wife of the defendant in attachment to the officer making the levy. It was not shown that she had possession of the goods, if it could be deemed a declaration explanatory of possession. As the evidence was offered, it was mere hearsay the court was bound to exclude.

The rule of law is not controverted that to support trespass for the taking of goods the plaintiff must show that he had at the time of the taking the actual possession of the goods, or the right of immediate possession of them, for the gist of the action is the injury to the possession. The bill of sale made by Picket t on the 29th May, 1890, was operative not only to pass to Thornton the title to the goods, but the right of immediate possession, whatever may have been the operation of the subsequent agreement into which they entered. The instruction requested by the appellants that the written agreement in evidence did not confer on Thornton the right of immediate possession, is erroneous if referred to the bill of sale, whether it be correct or not if referred to the subsequent agreement. There can be no assurance, if the instruction had been given, to which of the instruments the jury would have referred it. The instruction was therefore ambiguous, and, without explanation, calculated to mislead the jury. The refusal of such instructions is the duty of the court. 1 Brick. Dig. 339, § § 59-61. Besides, there was other evidence than the writing, which the instruction ignores, having a tendency to show that the plaintiff had the right of immediate possession of the goods at the time of the levy.

It cannot be said the evidence in all material aspects is free from conflict, nor that there are not facts material in any phase of the case to be inferred from the evidence, the inference lying within the exclusive province of the jury. In this condition of the evidence, the general affirmative charge could not properly have been given at the instance of either party.

This is the second appeal in this case. *Thornton v. Cook*, 97 Ala. 630. We do not discover any material change in the evidence, and the instructions given at the instance of the appellee seem to conform to well set-

tled principles, and the views expressed on the former appeal.

When a creditor purchases from an insolvent or failing debtor goods or other property in a payment of his debt, paying a fair, reasonable price, if other creditors assail the transaction as fraudulent because there was a reservation of a benefit to the debtor, it is a mere truism to say, the burden of proof rests on the attacking creditors. *Murray v. Heard*, 103 Ala. 400, and authorities cited. The evidence is without conflict that Thornton, in payment of a debt, the *bona fides* of which is undisputed, purchased the goods from Pickett, and that the debt was equivalent to the value of the goods. In this state of the evidence, the first instruction given at the instance of the appellee is free from error.

The second instruction but affirmed the elementary principle we have already stated, that if the plaintiff had the actual possession, or the right of actual possession he could maintain trespass for the taking of the goods.

It is a doctrine we do not suppose it is now intended to controvert, that a failing or insolvent debtor may sell to a creditor a part or all of his property, in payment of his debt. The sale, notwithstanding the known insolvency of the debtor, and of its tendency, or inevitable effect, to leave all other creditors unpaid, will be supported, if the debt equals the fair and reasonable value of the property, and there is not a reservation to the debtor of some use or benefit beyond that which results from the nature and character of the transaction. *Goetter v. Smith*, 104 Ala. 481, and authorities cited. In such case, there can be no fraud. The debtor exercises a right the law confers, that of preferring the creditor he will pay; the creditor exercises only the legal right of accepting property instead of money in payment. This is the proposition embodied in the third instruction given at the instance of the appellee; and it is substantially repeated in the fourth instruction.

We find no error in the fifth instruction. It postulates that if, prior to the levy of the attachment, there had been delivery of the goods to the plaintiff, and he had placed his clerk in possession of them, the temporary absence of the clerk would not be an abandonment or surrender of the possession. The continuity of a possession is not broken, or its nature or character

changed, by the temporary absence of the possessor or his bailee. The continuity is broken, or the nature of the possession changed, only when there is an intention manifested to abandon it.

We find no error in the record, and the judgment must be affirmed.