# Tyson *et al. v.* The Decatur Land Co.

### *Bill to Foreclose Mortgage.*

1. *Pleas insufficient in law; a good defense when.*—If the defendant in a chancery suit pleads to the whole bill and the complainant takes issue on the pleas, and they are established by the testimony, a decree should be rendered for the defendant and the bill dismissed, although the pleas are insufficient in law, and would have been so held if properly attacked.

2. *Replication to plea when not required.*— In the absence of a special replication to a plea, whether the plea is incorporated in the answer under the provisions of the Code, or filed separately, the complainant silently takes issue on the plea when there is a submission for final decree on the plea either alone or along with other defenses.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. W. H. SIMPSON.

Bill by the Decatur Land Company to foreclose a mortgage. It alleged that J. R. Tyson and J. N. Arrington purchased a lot of land from the Decatur Land Im-

[Tyson *et al.* v. The Decatur Land Co.]

provement & Furnace Co., and executed their notes for the purchase money and also a mortgage on the lot purchased; that the complainant is the owner of the notes and that they are unpaid; that J. R. Tyson and J. N. Arrington sold the lot to Lucius D. Green and Thomas W. Priest and they in turn to Mary N. Morrison. These parties are all made defendants to the bill. J. R. Tyson and Mary R. Arrington, as administratrix of J. N. Arrington,—he having died pending the suit,—pleaded several pleas, the effect and purport of which were that their vendor had failed to file in the office of the probate judge a plat of the annex to the town of Decatur in which annex the lot was situated; and that they had sold and transferred the lot to Lucius B. Green and Thomas W. Priest in consideration that they would pay the notes given for the purchase money of the land; and that these parties Green and Priest had sold and transferred said land to Mary N. Morrison who on her part assumed payment of the said notes; and that the Land Improvement & Furnace Company had agreed to these two transactions, and that it would release these defendants from liability on the notes; and further that the said company had extended the time of the payment of one of the notes after the transfers mentioned, and thus had released the makers. These pleas were not tested as to their sufficiency in law, but were submitted with the other defenses for final decree. Mary N. Morrison put in a short answer merely denying the allegations of the bill. There was a decree *pro confesso* against Green and Priest. The court held the pleas of Tyson and Arrington to be without merit, and decreed for the complainant. Appeal from this decree. Reversed and rendered.

O. C. KYLE, for appellants, Jno. R. Tyson and M. R. Arrington.—(1). These appellants in the court below interposed separately several pleas in addition to separate answers in defense of the original bill. There was no replication to these pleas; their legal sufficiency was not tested; they were not set down for argument, or excepted to ; but on final submission on pleadings and proof they were submitted with the other pleadings in the case. The chancellor held them to be without

merit and notwithstanding they had been proven he re-
fused to dismiss the bill. This was error. These defend-
ants were entitled to a dismissal of the bill whether the
pleas or either of them presented a legal defense or not.
To this effect are the following authorities: Mitford &
Tyler's Pleading & Practice in Equity, p. 434; Story's
Equity Pleading, 9th Ed., Sec. 697; 1st Beach Mod. Eq.
Prac., Sec. 329; *Hughs v. Blake,* 6 Wheat. 453; *Bogardus
v. Trinity Church,* 4th Paige 178; *Farley v. Kittson,* 120
U. S. 303. (2). Was issue joined on these pleas? Re-
plications in Alabama have long been abolished in chan-
cery cases; and the effect is that the "Statute silently
makes up an issue upon the facts" alleged in the pleas.
*Forest v. Robinson,* 2 Ala. 215; *Skinner v. Scholge,* 105
Ala. 613. (3): "If the truth of the plea is established
by the proof the bill must be dismissed although the
matter stated in the plea contains in fact no valid de-
fense to the suit."—*Dows v. McMichael,* 6 Paige 144;
*Flagg v. Bonnell,* 10th N. J. Eq. 82; *Mann v. Fairchild,*
5 Barb. 110.

HARRIS & EYSTER, *contra.*

McCLELLAN, C. J.—This is a bill to foreclose a
mortgage. It is filed by the Decatur Land Company, as
assignee of the mortgagee, against the mortgagors and
their grantees of the equity of redemption. Certain
pleas were interposed by the respondents, Tyson and Ar-
rington, which went to the whole bill and in bar of any
relief upon it. These pleas were not set down for hear-
ing as to their sufficiency, nor was their legal sufficiency
in any other manner tested or attempted to be tested.
These pleas were proved. The cause was submitted for
final decree on them, as well as upon the answers, and
on the evidence in support of them. They and the proof
of them were disregarded at the hearing on the ground
that they were without merit, that is, presented no ma-
terial defense and were therefore insufficient in law.
There can be no doubt, we think, that this was an erro-
neous view. In chancery as well as at law, if issue be
taken upon an immaterial and insufficient plea and it
be established by the testimony, the respondent is en-

titled to the benefit of it as fully as if the matter set up in it had been to the last degree material and a perfect defense against the bill. This doctrine is thus declared and illustrated by Mr. Daniel: "If the plaintiff reply to the plea, he thereby makes as full admission of its validity as if it had been allowed upon argument; so that if the defendant, at the hearing, proves his plea to be true, the bill must be dismissed. Therefore, when a defendant, in a plea of purchase for valuable consideration, omitted to deny notice, and the plaintiff replied to it, and the defendant, at the hearing, proved the purchase for valuable consideration, it was held that the bill ought to be dismissed; for it was the plaintiff's own fault that he had not set the plea down for argument, when it would have been overruled. And it seems that in such case it will make no difference if the plaintiff should prove notice; for all that is required of a defendant, in such case, is to prove his plea, which he does by proving the purchase, and the payment of the consideration."—1 Daniel Ch. Pl. & Pr., p. 695, citing among others the cases of *Daniels v. Taggart*, 1 Gill & J. 311; *Meeker v. Marsh*, 1 Saxton (N. J.), 198; *Dows v. McMichael*, 6 Paige 139; *Harris v. Ingledew*, 3 P. Wms. 94. Judge Story lays down the same proposition: "If the plaintiff conceives a plea to be defective in point of form, or of substance, he may take the judgment of the court upon its sufficiency. * * * * "If a plea is allowed upon argument, or if the plaintiff without argument thinks it, although good in form and substance, not true in point of fact; he may take issue upon it and proceed to disprove the facts upon which it is endeavored to be supported. For, if the plea is, upon argument, held to be good; or the plaintiff admits it to be so by replying to it; the truth of the plea is the only subject of question remaining so far as the plea extends; and nothing but the matters contained in the plea, as to so much of the bill as the plea covers, is in issue between the parties. * * * * * If the defendant proves the truth of the matter pleaded, the suit, so far as the plea extends is barred; even though the plea is not good, either in point of form or of substance."—Story's Eq. Pl. § 697, citing among other authorities *Hughes v. Blake*, 6 Wheat. 453; *Bo-*

27

*gardus v. Trinity Church,* 4 Paige 178. The same principle is announced by Mr. Beach.—1 Beach Mod. Eq. Pr. § 329. In Mitford & Tyler's Pleadings and Practice in Equity the doctrine is declared substantially in the language employed by Judge Story, pp. 390-1; and in addition thereto it is said: "By replying to a plea the plaintiff admits that it is sufficient in law, and cannot afterwards raise any questions as to its sufficiency." p. 435. And so it is said in the American & English Encyclopædia of law: "Where a replication is had to a plea, and issue is joined thereon as to the facts, then, if it be proven true, it is admitted that they are sufficient in law to bar the plaintiff's right to recover. The English practice in chancery, in this respect, prevails here; and the bill will also be dismissed on proof of the facts pleaded in bar, without reference to other equities in the bill." Vol. 6, p. 804.

These principles of English chancery pleading and practice relating as they do to a matter as to which no other provision has been made or principle declared by our statutes or by the rules and decisions of this court, obtain in Alabama, not as positive rules, but as furnishing proper analogies to regulate practice.—Rule 7 Ch. Practice, Code, p. 1203. Their application here is not hindered by the provision of our statute that all defenses may be incorporated in the answer.—Code, § 699. This is permissive merely, for the benefit of a defendant, and he may avail himself of it not as he sees proper. If he does not avail himself of it but pleads independently, his plea stands upon the same footing as if the statutory provision did not exist. And on the other hand, if he does avail himself of it, and incorporates in the answer a plea in form and substance, that is a plea to all intents and purposes as if it had been separately filed, just as a demurrer is none the less a demurrer for being incorporated in the answer, and is, whether so incorporated or not, to be dealt with and disposed of according to the general principles of pleading and practice pertaining to demurrers. And there is the more reason for this court to adopt the rule in chancery that a cause may be as effectually tried and decided upon a false issue, in that

[Jordan *et al.* v. Jordan *et al.*]

no court has gone further in applying this doctrine in all of its strictness to actions at law.

By analogy alike to the statutory rule dispensing with replications to answers (Code, § 701), and to the rule obtaining at law that in the absence of a special replication to a plea the other party is held to have taken issue upon it, it must be held, and indeed has been held by this court, that in such case—the case of a plea to a bill in equity and a submission for final decree upon the plea either alone or along with other defenses—the complainant silently takes issue on the plea; and that is the case now before us.—*Forrest & Wife v. Robinson Extr.*, 2 Ala. 215; *American Freehold Land Mortgage Co. v. Dykes*, 111 Ala. 178, 192.

Our conclusion, therefore is that complainant having taken issue on the pleas of the defendants Tyson and Arrington, which went to the whole bill, and the facts laid in those pleas having been proved, the bill should have been dismissed as to Tyson and Arrington, whether the pleas were in the abstract good or bad. The decree of the chancery court granting relief will be reversed, and a decree will be here entered denying relief and dismissing the bill as to the defendants Tyson and Arrington. As to the other defendants the decree is affirmed.

Affirmed and reversed and rendered.

Tyson, J., not sitting.