# Johnson v. Common Council of Dadeville.

*Bill in Equity to abate Nuisance and to enjoin the Obstruction of Public Street.*

1.  *Sufficiency of plea in chancery suit; when sufficient bar to maintenance of suit.*—Where the defendant in a chancery suit pleads to the whole bill and the sufficiency of said plea is not questioned, but the complainant takes issue thereon, and every material fact alleged in the plea is proved, a decree should be rendered in favor of the defendant and the bill dismissed, although said plea was insufficient and would have been so held if properly assailed.

2.  *Dedication; must be made by owner.*—A dedication or gift of land for public uses can only be made by the owner or proprietor; and in a bill seeking to enjoin the obstruction of a public street, upon the ground that there had been a dedication thereof by making a plat and selling property in accordance with said plat, it is necessary, in order to obtain the relief prayed for, to aver and prove not only the platting of said

[Johnson v. Common Council of Dadeville.]

land, but also that the person platting the said land and mak-
ing sale thereof was the owner; since a mere showing that
some one, not proved to be the owner, has placed on record a
map or plat in which the street or highway is laid off, will
raise no presumption against a party in possession, who has
proved title in himself.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. J. R. DOWDELL.

The bill in this case was filed by the appellee, the
Common Council of Dadeville, against one John H.
Ham and James Johnson. The purpose of the bill was
to have a dwelling house and fence, which the bill avers
was obstructing and closing up a public street in the
town of Dadeville, known as Eufaula Street, declared a
nuisance, and moved, and that the defendants be en-
joined from further use of said house and inclosure.
This is the second appeal on the case (100 Ala. 199).
After the reversal of the decree on the former appeal,
the bill was amended. The averments of the bill as
amended and the facts of the case are sufficiently stated
in the opinion.

The respondent Ham, who was the purchaser from
the respondent Johnson of the house and lot in question,
and had received a bond for title, which he cancelled
and surrendered, died before the rendition of the final
decree.

Upon the final submission of the cause upon the
pleadings and proof, the chancellor rendered a decree
overruling the respondent's plea, which is copied in the
opinion. This final decree then proceeded as follows:
"It is further ordered and decreed that the motion of
respondent to dismiss the bill for want of equity be
and the same is hereby overruled. It is further ordered
and adjudged and decreed that there was a dedication
to the public of Eufaula Street, as described in the com-
plainant's bill, and that the Common Council of Dade-
ville, under its charter, is authorized to keep open and
maintain the same for the use and benefit of the public,
and it being ascertained by the court from the testi-
mony and evidence in the cause that said Eufaula
Street is now obstructed and the free use of the same is

being prevented by the respondent James Johnson, by obstructing as described in complainant's bill, it is adjudged and decreed that said obstruction is a public nuisance; and it is, therefore, further ordered and decreed that the said James Johnson, respondent, within ninety days of the enrollment of this decree will removed said obstruction from said Eufaula Street, so as to permit a free use and enjoyment of said street by the public; and upon failure of said respondent James Johnson to remove said obstruction within the time limited in this decree, then the Common Council of Dadeville, through its proper officers, is authorized, empowered and instructed to remove said obstruction at the cost and expense of said respondent Johnson. It is further ordered and decreed that said respondent James Johnson pay the cost of this suit for which let execution issue." From this decree the respondent Johnson appeals, and assigns the rendition thereof as error.

JOHN A. TERRELL and J. M. CHILTON, for appellant. The defendant Johnson filed in this cause his plea, in which he alleges, that after long non-user by the town of Dadeville, the respondents or those through whom they claim, holding and claiming the property *bona fide* as their own, erected improvements of great value consisting of a residence of the value of more than five hundred dollars. That while said improvements were being erected said town, well knowing the fact, stood by. Wherefore it is estopped. The sufficiency of this plea was never called in question and the law therefore will treat the complainant as having silently joined issue on the same.—*Tyson et al. v. Decatur Land Co.,* 121 Ala. 414; *Forrest v. Robinson, Executor,* 2 Ala. 215; *Am. Freehold L. Mtg. Co. v. Dykes,* 111 Ala. 178-192.

The amended bill was without equity. The first essential to a valid donation or dedication is that the person dedicating should own the property. The bill alleges no other dedication than such as would be inferred from the making of the Broadnax survey.

Not only does it appear that Broadnax was not the owner of the property, but it does not appear that he made the survey for the owner or that it was made by authority of law. On this state of facts it would seem impossible to hold the Broadnax survey to be a dedication.—*Ham v. Common Council,* 100 Ala. 199.

GARRETT & LACKEY, *contra.*

TYSON, J.—After a reversal of this cause on a former appeal (*Ham v. Common Council of Dadeville,* 100 Ala. 199), the bill was amended. To the bill as amended, the respondents Ham and Johnson filed a joint answer. The respondent Johnson also filed a plea in these words: "This respondent by way of plea to the original and amended bills in this cause says that most valuable improvements were made on the street alleged to be obstructed by respondent or those under whom he derived title claiming the same *bona fide* as his own and that said improvements consist of a residence of the value of more than five hundred dollars, and was erected after a long non-user by the complainants and that the complainants stood by and well knew that said improvements were being made and this respondent avers that by reason of which the complainant is estopped."

Respondent Ham died before the rendition of the final decree. And indeed the evidence discloses that he was a purchaser from Johnson of the house and lot, receiving a bond for title, which he cancelled and surrendered. So he was practically eliminated out of the case and the final decree was rendered against Johnson, who prosecutes this appeal. Issue was taken upon this plea and the cause was submitted for final decree on it, as well as upon the answers and on the evidence in support of them. The sufficiency of the plea was not called in question and upon the submission for final decree upon pleadings and proof, the only matter of determination growing out of the issue presented by the plea is one of fact.

Every material fact alleged in the plea was proven and the respondent was entitled to a decree dismissing the bill.—*Tyson v. Decatur Land Co.,* 121 Ala. 414.

But, independent of this, the complainant has wholly failed by competent evidence, to establish a dedication as alleged. The facts upon which the complainant bases its right to the street, as shown by the averments of the original and amended bills, alleged to be obstructed, are, that on the 28th day of April, 1836, a plan of the town was laid out by one Broadax, consisting of 261 lots, besides several streets, upon the S. W. $\frac{1}{4}$ of Sec. 4, T. 21, R. 23, which was shown by a plan or diagram deposited in the office of the probate judge. That this quarter section of land was dedicated for the purpose of a town, and upon which to build the town of Dadeville. That on the 26th day of November, 1839, Lawson, McLemore and Dudley, who then owned this quarter section, sold and conveyed the same to Tarver, Berry, Townsend, Bussey and Young, surviving court house commissioners of Tallapoosa county, to dispose of the same in any way that a majority of the commissioners in their judgment may deem most beneficial to the county. That on the 1st day of February, 1841, Berry, Bussey, Townsend and Young, as commissioners, sold to Geo. W. Wood and Geo. Howard lots 1 and 2 of block 3 of the town of Dadeville. That in said sale the commissioners described the lots as they are described and designated in the Broadnax survey of the town of Dadeville, which sale is shown by a deed duly recorded on the 15th day of March, 1843, and a copy of it made an exhibit to the amended mill. That on the 1st day of June, 1840, the commissioners sold lot No. 3 of block No. 4 to Geo. D. Tarver, and in the sale and description of said lot, described the same by lot and block as designated and described by the Broadnax survey of the plan of Dadeville. A copy of this deed is also made an exhibit to the amended bill. It is further averred that in the diagram or survey of the town as the same appears by the Broadnax survey, that blocks Nos. 3 and 4 are separated by Eufaula Street; that lots 1 and 2 of block No. 3 are situated south of a street on said diagram known as Eufaula Street, and lots Nos. 3 and 4 of block 4 are north of Eufaula Street. A copy of the diagram of said lots, blocks and street is also attached

as an exhibit. In 1836, when the alleged survey and map was made by Broadnax the title to the quarter section was in the United States. Broadnax was not its owner and so far as we are informed, never owned it. Indeed it affirmatively appears to have been granted by the United States to the court house commissioners of Tallapoosa county on April 6, 1840, four years after the alleged making of the map by Broadnax.

A dedication or gift of land for public uses can only be made by the owner or proprietor.—*Hoole v. The Attorney General*, 22 Ala. 190; *Hum v. Common Council of Dadeville, supra;* 9 Am. & Eng. Encyc. Law (2d ed.) 28; Elliott on Roads & Streets, 105.

But there is no proof that Broadnax ever made any survey and map of the land as alleged in the bill. All that is shown by the evidence is that there was, during the years intervening between 1880 and 1892, a map or plat of the town of Dadeville on file in the office of the probate judge purporting to have been made by one Broadnax, which was never recorded. There was no evidence offered to show that Broadnax was authorized by the owner of the land to make it or that he was capacitated to make it or that it was correct, or when it was made. Its existence is not shown to have extended beyond the year 1880. There is, therefore, no proof that a plan of the town was laid out in 1836 as shown by a plan or diagram deposited in the office of probate judge, as averred.

Proof of ownership as well as platting is necessary to establish a dedication.—*Porter v. Stone*, 51 Iowa, 373; *Leland v. Portland*, 2 Oregon, 46; *Edenville v. Chicago etc. R. Co.*, 77 Iowa, 69; *Eureka v. Fay*, 107 Cal. 166; *Hannibal v. Draper*, 36 Mo. 332.

The case of the *City of Lawrenceburgh v. Wesler*, 10 Ind. App. 153, is similar in some respects to the case under consideration. In that case the city introduced in evidence a paper purporting to be a certified copy of a plat of the town made in 1812, and recorded long before Wesler claimed to have been the owner of any of the property in controversy. In some of Wesler's deeds a portion of the land claimed by him was described as

lot numbered 5, 6, etc., and the other portion of the land in controversy was described as lying in front of lots 5, 6, etc., and between such lots and the Ohio River. It was held that "A mere showing that some one, not proved to be the owner, has placed on record a map or plat in which a street or highway is laid off will raise no presumption against a party in possession who has proved title in himself."

The paper purporting to be a deed from Townsend and other commissioners to Wood and Howard makes no reference to the Broadnax survey by name. It is true they designate the property sold as lots 1 and 2 in block 3 lying and being in the town of Dadeville. Likewise, the paper purporting to be a deed from these commissioners to Tarver to lot No. 3 in block 4, makes no reference to any map or plat. And there is no extrinsic evidence in the record, conceding it to be admissible, tending to show, that the description had reference to the Broadnax survey, if in fact, it was in existence at that time. Nor are the lots described as having for their boundary any street. But aside from this, these papers show on their face to have been executed by Townsend for himself and in the name of the others as their agent. They were officers, and it may be seriously doubted, whether they could delegate authority to another to execute deeds in their name as their agent. However, it is not shown that he had any authority to do so. The original deeds were not produced or their execution proven. Had they been, they would not have been competent without proof of their execution, notwithstanding they are ancient documents, in the absence of some evidence tending to corroborate their genuineness.—*White, McLane & Morris v. Farris,* 124 Ala. 461, and authorities cited therein. With the map and deeds excluded there is no evidence to support the allegations of the bill upon which complainant predicates its right to the street.

The decree must be reversed and a decree will be here rendered denying the relief prayed and dismissing the bill.

Reversed and rendered.