# Adair & Co. *v.* Feder *et al.*

## Bill in Equity to annul Attachment Proceedings.

1. *Sufficiency of plea in chancery suit; how considered on appeal; when no ruling shown.*—Where in a chancery suit, tnere are pleas interposed and a motion to strike them is filed, but such motion was not considered by the court, nor submitted to be passed on, it will be presumed, on appeal, that the motion was abandoned, and that the cause was tried upon issue taken on said plea.

2. *Same; decree should be rendered for defendant if pleas proven.* If the defendant in a chancery suit pleads to the whole bill and the complainant takes issue on the plea and it is established by the testimony, a decree should be rendered for the defendant and the bill dismissed; and this is true though the plea was insufficient and would have been so held if properly attacked.

3. *Bill to annul proceedings in attachment suit; burden of proof; sufficiency of evidence.*—Where a bill is filed by creditors to have annulled proceedings in an attachment suit, whereby the goods of complainant's debtor were seized and sold, upon the ground that the attachments were sued out by the attaching creditors in collusion with the debtor, without the existence of any statutory ground therefor, and for the purpose of hindering, delaying and defrauding the complainants and other creditors, the burden of proving the charges made is upon the complainant; and where the evidence introduced shows without conflict that the defendant in attachment was indebted to the plaintiffs in said suit and the evidence further tended strongly to show that there was at least probable cause for the issuance of the attachment, the averments of fraud contained in such bill are not sustained, and upon such evidence the complainants are not entitled to relief.

4. *Attachment; mere fact that the defendant knew of issuance does not show fraud.*—The mere knowledge on the part of the defendant in attachment that the plaintiffs in such suit were purporting to sue out writs of attachment, or a willingness on the part of such defendant that the attachment should be sued out, does not, of itself, raise the presumption that there was a covinous agreement or fraudulent collusion between the plaintiffs and the defendant in suing out the attacnment.

[Adair & Co. v. Feder *et al.*]

APPEAL from the Chancery Court of Henry.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellees as creditors of J. R. Adair & Co. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the final submission of the cause upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. From this decree the defendants appeal, and assign the rendition thereof as error.

J. B. DELL, for appellants.—The court erred in rendering decrees against Margaret Keller and John Ginn. Each of these parties filed pleas to the jurisdiction of the court, and the complainants made a motion to strike each of the pleas from the file for causes set out. This motion was never passed on by the court and is, therefore, waived.—*Elyton v. Morgan*, 88 Ala. 434; *American Mortgage Co. v. Inzer*, 98 Ala. 608; 6 Ency. Pl. & Pr., 379. The waiver of this motion left these respondents with their pleas in the record and proven by the evidence. This entitles them to a decree in their favor. *Tyson v. Land Co.*, 121 Ala. 414; *Johnson v. Common Council*, 127 Ala. 244.

It was not shown by the evidence that the attachments were sued out in fraudulent collusion between the attaching creditors and the defendant debtor.—*Builders, etc., Supply Co. v. First Nat. Bank*, 123 Ala. 203.

H. A. PEARCE and ESPY, FARMER & ESPY, *contra.* The allegations of the bill give it equity.—*Henderson v. Brown*, 125 Ala. 566; *Collier v. Wertheimer*, 122 Ala. 320; *Gassenheimer v. Kellogg*, 121 Ala. 109; *Weingarten v. Marcus*, 121 Ala. 187; *Comer v. Heidelbach*, 109 Ala. 220.

SHARPE, J.—Creditors of J. R. Adair & Co. seek by this bill to have annulled proceedings in certain attachment suits whereunder the goods of that firm were seized and sold, and to hold the plaintiffs in those suits to ac-

count as trustees *in invitum* for the proceeds of the goods. The alleged ground upon which the relief is sought is that the attachments were sued out in collusion with the debtors, without the existence of any statutory ground for such process and for the purpose of hindering, delaying or defrauding the complainants and other creditors.

Only the defendant Bank of Dothan filed an answer. Decrees *pro confesso* were taken against the members of the firm of J. R. Adair & Co., and the remaining defendants, John Ginn and Margaret Keller, each filed a plea setting up their non-residence as a bar to the court's jurisdiction to decree relief against them. •

The legal sufficiency of these pleas was not tested, for though a motion to strike them out was filed, that motion was not tried or submitted to be passed on, and, therefore, must be treated as abandoned.—*American Mortgage Co. v. Inzer*, 98 Ala. 608; *Elyton Land Co. v. Morgan*, 88 Ala. 434 6 Ency. Pl. & Pr., 370. The cause having been submitted for final decree on these pleas among other matters without objection urged, it is presumed that issue was taken on them.—*Tyson v. Decatur Land Co.*, 121 Ala. 414. Without dispute the non-residence of the two last named defendants was proven and for that, if for no other reason, they were entitled to have the bill dismissed as to them.—*Tyson v. Decatur Land Co., supra; Johnson v. Common Council,* 127 Ala. 244.

The evidence does not in our opinion sustain the bill's averments of fraud. Without conflict it proves the debts on which the attachments were issued in favor of the defendants, respectively, and also circumstances tending strongly to show there was at least probable cause for their issuance. There is nothing to show that Adair & Company retained any interest in the goods or received any benefit from the transaction. If they did so and if the fact be material the burden of proving it was on the complainants.—*Murray v. Heard*, 103 Ala. 400.

It appears the several attachments were sued out about the same time and by the same attorneys, and

that complainants' witness Baker was one of the attaching creditors. His testimony tends to show defendant J. R. Adair assented to the suing out of his attachment, and was present at the office of those attorneys when the other attachments were being sued out and had knowledge of what was being done. Complainants' only other witness was the notary who issued the attachments. He first testified that according to his recollection J. R. Adair was in the office of the attorneys referred to when the writs were issued to the constable, but on cross-examination he said he was not positive that Adair was then present, and that if he was he neither said nor did anything about the attachments.

On the other side is the testimony of the constable denying that Adair was present when he received the writs and of the two bank officers affirming the good faith of the bank's action and that of Adair which, if true, is inconsistent with collusion as between him and any of these defendants.

If it should be assumed as proven that Adair was in active accord with the bringing of Baker's suit his attitude towards the suits of these defendants would still be left conjectural. Certainly Adair's mere knowledge of defendants' purpose to sue or his willingness to be sued, if shown, would not of itself warrant the conclusion that defendants were parties to any covinous agreement or were acting in fraudulent concert with the defendants in attachment.—*Warren v. Hunt,* 114 Ala. 506.

The decree appealed from will be reversed, and one will be here rendered dismissing the bill and directing that complainants pay the costs in the chancery court as well as costs of appeal.

Reversed and rendered.