[Holloway v. Southern Building & Loan Association.]

to give the charge which the plaintiff requested and the refusal of which is the subject of the only assignment of error. The charge requires a verdict not only for the mineral interest in the land but also for the "mining rights" therein or appurtenant thereto. These mining rights are, or at least must include, incorporeal hereditaments, lying in grant but not in seisin, such as rights of way over the surface, the right to dig and drive slopes and entries, and the like, rights of an intangible nature, incapable of being delivered by the sheriff or of possession by the owner, rights for a denial of or interference with which an action at law for damages would lie, and which would be considered by courts of equity, but in the nature of things cannot be recovered in an action of ejectment. It is upon these considerations that we rest our condemnation of the charge and our approval of the circuit court's action in refusing it.

Affirmed.

# Holloway *v*. Southern Building & Loan Association.

*Bill in Equity to compel Determination of Claim to Real Estate and to quiet Title.*

1. *Sufficiency of plea in chancery suit; when sufficient bar to maintenance of suit.*—Where the defendant in a chancery suit pleads to the whole bill and the sufficiency of said plea is not questioned, but the complainant takes issue thereon, and every material fact alleged in the plea is proved, a decree should be rendered in favor of the defendant and the bill dismissed, although said plea was insufficient and would have been so held if properly assailed.

APPEAL form the Chancery Court of Lamar.

HEARD before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Elisha D. Holloway, against the Southern Building & Loan

Association; and as amended was a bill to compel the determination of claims to lands described in the bill and to quiet the title thereto.

It was averred in the bill that the complainant was the owner and in actual, peaceable possession of the lands prescribed therein; that there was no suit pending to test the validity of the title; that the defendant held a mortgage upon said land, but that such mortgage was void on account of the acknowledgment of the execution having been made and taken by R. E. Bradley, clerk of the Circuit court of Lamar county, who was, at the time of taking said acknowledgment, a stockholder in the said Association, and for this reason was incompetent to take and certify said acknowledgment; that the defendant was proceeding to take possession of said property, and foreclose the mortgage. The bill then called upon the defendant to set forth or specify what claim of title or interest it had in said property.

The prayer of the bill was for an injunction restraining the defendant from foreclosing said mortgage or taking possession of the property, and that upon final hearing that said mortgage be decreed to be null and void, and that the same be delivered up and cancelled. There was also a prayer for general relief. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. A. Young, for appellant.—The mortgage was void and the chancellor should have so decided instead of dismissing the bill. The question of fact was left for him to decide. He found the mortgage was acknowledged before a stockholder, and there was nothing left for him to do but enter a decree declaring its invalidity. *Monroe v. Arthur*, 126 Ala. 362; *National Building &*

11c

*Loan Association v. Cunningham*, 30 Sou. Rep. 335; *Edinburgh American Land Mortgage Co. v. Peoples*, 102 Ala. 242; *Grider v. Mortgage Co.*, 99 Ala. 281.

A stockholder cannot be an attesting witness.—4 Ency. Law, 1063, (2 ed.); *West Winstead Bank, etc., Association v. Ford*, 27 Conn. 288; *West Winstead Bank etc., Association v. Rice*, 27 Conn. 293.

NESMITH & NESMITH, *contra.*—That the conveyance was invalid and to be so declared upon proper attack has been determined by this court in the case of *Hayes v. Building & Loan Association*, 124 Ala. 633; and the only question now presented is whether it should have been held void upon the collateral attack made on it in this action. We do not think it should have been so held. The deed was not void on its face, but only because of extrinsic facts resting in parol.—*Monroe v. Arthur*, 126 Ala. 362; *Hayes v. B. & L. Association*, 124 Ala. 633.

The decree of the chancellor denying the relief prayed for and dismissing the bill was proper. Without testing the sufficiency of the pleas of the defendant, the complainant joined issue thereon.

These pleas were proved, and, therefore, the decree was properly rendered in favor of the defendant. *Tyson v. Decatur L. Co.*, 121 Ala. 414; *Johnson v. Common Council*, 127 Ala. 244; *Adair v. Feder*, 32 So. Rep. 165.

HARALSON, J.—The bill in this case,—filed 19th February, 1901,—as amended, is admitted to be one under the statute to clear title to land.—Code, §§ 809-813. It states that complainant "is informed that said Southern Building & Loan Association claims to hold a mortgage on all of said land." The prayer is, that said mortgage be decreed to be invalid, that it be delivered up and cancelled, and for general relief.

The defendant demurred to the bill as amended, which demurrer was overruled. He thereupon filed answer to the bill as amended, in which answer, the allegations of the bill were, for the most part, admitted, and it set up, that defendant had held and claimed the land in the bill mentioned under a mortgage, executed by complainant and his wife to defendant, on the 19th of

July, 1890, which mortgage was duly acknowledged by complainant and wife, on the day of its execution, before R. E. Bradley, clerk of the circuit court of Lamar county, and at the same time, it was acknowledged by the wife, before the same officer, on an examination by him of her separate and apart from her husband, in the manner required by law to convey the homestead.

At the conclusion of the answer, and incorporated therein, the defendant filed to the whole bill, two pleas, 1st, that "The defendant, on the 4th day of March, 1901, foreclosed said mortgage, and became the purchaser of said property described in said mortgage. 2nd. Defendant foreclosed the mortgage which complainant executed to defendant on the 4th day of March, 1901, and became the purchaser of the property described in said mortgage at said foreclosure." These pleas were not set down for hearing as to their sufficiency, nor was their legal sufficiency in any other manner tested, or attempted to be tested. The complainant took issue on them, and the cause was submitted for final decree upon the answers, pleas and on the evidence in support of them. If these pleas were immaterial and insufficient, yet if they were established by the evidence, the defendant was entitled to the benefit, as fully as if they had set up a valid and perfect defense. If a defendant in such case proves the truth of the pleas, the suit, so far as they extend is barred, though the pleas are not good in form or substance.—*Tyson v. Decatur Land Co.,* 121 Ala. 414; *Johnson v. Common Council of Dadeville,* 127 Ala. 244; *Adair v. Feder,* 133 Ala. 620; 32 So. Rep. 165.

These pleas were fully proved by the evidence, and this authorized the decree rendered, without reference to other matters assigned as error and presented for review.

Affirmed.